## BURNETT *v.* WHITESIDES *et als.*

REFUSAL to grant new trial not reviewed in the Supreme Court, unless such refusal was an abuse of the discretion of the Court below.

In an action for diverting water from plaintiff's ditch, plaintiff and defendants both having ditches supplied from the same stream, the plaintiff's rights being prior and paramount, defendants asked the Court to instruct the jury, that if defendants had brought water from foreign sources, and emptied it into the stream with the intention of taking it out again, they had the right to divert the quantity thus emptied in, " less such amount as might be lost by evaporation, and other like causes." The instruction was given, with the explanation, that they could not so reclaim the water as to diminish the quantity to which plaintiff was entitled as prior locator. *Held,* that the explanation was proper, the concluding words of the instruction being too general and indefinite.

The jury having found plaintiff entitled to the use of so much of the water flowing in the stream as would run in a ditch of a certain capacity, a judgment was entered, following the verdict. *Held,* that the judgment is not erroneous, as not distinguishing between the water ordinarily flowing in the stream and the water from foreign sources emptied in by defendants. The law regulates the rights of the parties in this respect, and the judgment must be construed with reference to such law.

APPEAL from the Tenth District.

For case, see opinion.

*T. B. Reardan,* for Appellants.

Argued first, that the explanation given by the Court to the instruction asked, was, virtually, an instruction that defendants could not reclaim any of the water turned into the stream by them, until plaintiff's ditch was first filled to its original capacity, without regard to the fact that, but for the water turned into the stream by defendants, there might have been no water in it. (*Butte Canal Co.* v. *Vaughn,* 11 Cal. 143.) Second, that the judgment is erroneous for similar reasons.

*G. N. Swezy,* for Respondent.

The explanation to the instruction asked did not deprive defendants of their right to use the stream to conduct to their ditch water procured from other sources; but simply prevented defendants, when taking out the water by them emptied in, diminishing the quantity naturally flowing in the stream, to which plaintiff was entitled as prior locator. And this is the doctrine in *Butte Canal Co.* v. *Vaughn,* 11 Cal. The

instruction was too broad, because the exception of "evaporation and other like causes," was too limited. Plaintiff is entitled to the water flowing in the tributaries of the stream; and this water might be used by defendants, and then "emptied in" to the stream above plaintiff's ditch; and if defendants could take out all they "emptied in," they would get water belonging to plaintiff. The judgment follows the verdict, and is not exceptionable.

Reardan, in reply, insisted, among other things, that the instruction should have been given, or refused, as asked, and that the Court had no right to qualify it; that the legal effect of the judgment is to prevent defendants taking out of the stream the very water they empty in, until plaintiff's ditch be first filled.

Cope, J. delivered the opinion of the Court — Baldwin, J. concurring.

The plaintiff is the owner of a ditch, constructed and used to divert water from Dry creek, in Yuba county, for mining purposes. The defendants are the owners of a ditch used by them to divert water from the same stream for the same purposes. The rights of the plaintiff are prior and paramount to those of the defendants. The action is for damages for diverting the water, and for an injunction. The plaintiff obtained a verdict and judgment, and the defendants moved for a new trial, which was refused. The appeal is from the judgment, and the order refusing a new trial.

The point that the verdict is not sustained by the evidence, we think, is not well taken. There is some evidence to support the verdict, and we cannot see that there was any abuse of the discretion of the Court below in refusing a new trial. Under such circumstances, we have no right or authority to interfere. We have repeatedly decided, that where a verdict is supported by any evidence at all, we will not revise an order of the Court of original jurisdiction refusing a new trial, unless the order is manifestly an abuse of the legal discretion of the Court.

The point that the Court erred in its explanation of the third instruction asked by the defendants, is equally untenable. The explanation did not qualify the instruction in any particular. The intention and effect were to guard against any misapprehension on the part of the jury. The substance of the instruction was, that if the defendants had brought water from foreign sources, and emptied it into the stream with

Burnett *v.* Whitesides.

the intention of taking it out again, they had the right to divert the quantity thus emptied in, " less such amount as might be lost by evaporation, and other like causes." The instruction was given with the explanation, that they could not so reclaim the water as to diminish the quantity to which the plaintiff was entitled as prior locator. We understand this to be the meaning of the instruction, and we do not see how such an explanation could have prejudiced the defendants. Indeed, the concluding words of the instruction rendered the explanation, if not necessary, at least very appropriate. They were too general and indefinite to give the jury a clear understanding of the principle intended to be enunciated.

The counsel for the defendants contends that the explanation was a rejection of the principle of the instruction. We do not so understand it. The rights of the defendants were fully recognized; but the jury were told that these rights must have been exercised in such a manner as not to deprive the plaintiff of water to which he was entitled as first appropriator. The rights of the plaintiff were to be primarily regarded; but it was not intimated that such rights extended beyond the natural water of the stream.

The jury found that the plaintiff was entitled to the uninterrupted use and enjoyment of so much of the water flowing in the stream as would run in a ditch of a certain designated capacity. The judgment followed the verdict, and established the rights of the plaintiff as found by the jury. The defendants were perpetually enjoined from diverting any portion of the water thus secured to the plaintiff. It is contended that this judgment is erroneous, for the reason that it does not distinguish between the water ordinarily flowing in the stream and the water derived from foreign sources, and emptied in by the defendants. This objection arises from a misconception of the legal effect of the judgment, which must be construed with reference to the law regulating the rights of the parties. We do not see upon what principle of construction it could be held that the effect is to deprive the defendants of any of their rights.

Judgment affirmed.

On rehearing, the Court adhered to the opinion.