(February 20, 1888.)

# MALAD VALLEY IRRIGATING COMPANY v. CAMP-BELL.

[18 Pac. 52.]

PRIOR APPROPRIATION OF WATER.—Prior appropriation of all the
waters of a stream applied to a useful purpose gives the better
right to the tributaries and all the direct and immediate sources
of supply of the stream, and when this right once vests it must
be protected and upheld.

SPRINGS—SOURCES OF SUPPLY.—Rights cannot be acquired to the
waters of springs situate along the channel of a stream, and which
constitute its direct source of supply, by entering upon, cleaning
out and thereby increasing the water supply, as against prior ap-
propriators in good faith, of the whole of the waters of the stream.

QUERY.—WHETHER ONE CAN bring water from another independent
source into a natural stream, whose waters have been appropriated,
and use the channel of such stream to conduct the water thus
brought into another point, to be there diverted and used. Sug-
gested, but not decided.

(Syllabus by the court.)

APPEAL from District Court, Oneida County.

D. W. Standrod and J. T. Morgan, for Appellant.

He who first appropriates the water of a stream, and con-
nects his labor therewith for a beneficial use, is entitled to the
same against the world. (*Atchison v. Peterson,* 20 Wall. 507,
514 et seq.; *Basey v. Gallagher,* 20 Wall. 671, 682; *Tartar v.
Mining Co.,* 5 Cal. 397; U. S. Rev. Stats., sec. 2339.)   One
who increases the flow of water in a stream by digging out

springs, or turning in another stream may appropriate such increase to his own use. (*Keeney v. Carillo,* 2 N. Mex. 490; *Butte Canal etc. Co. v. Vaughn,* 11 Cal. 143, 70 Am. Dec. 769; *Burnett v. Whitesides,* 15 Cal. 35; Idaho Rev. Laws, sec. 3158.) Adverse user of water stands upon the same footing as that respecting the adverse user of land, and the reasoning which will sustain the one will likewise uphold the other. (*Vansickle v. Haines,* 7 Nev. 250; *Crandall v. Woods,* 8 Cal. 144.)

Smith & Smith, for Respondent.

Where a person has conducted some water to a stream, he will be restrained, at the suit of the owner of the water of the stream, unless the former can show that he has not diverted more water from it than he led to it. (*Budd v. Railway Co.,* 15 Or. 404, 15 Pac. 654; *Wilcox v. Hausch,* 64 Cal. 461, 3 Pac. 108.) This general right over the stream of the party who has perfected a prior appropriation is that the water of the stream should continue to flow in its usual manner, through the natural channel or bed of the stream, down to the head of his ditch, or to the point where his own actual dominion over it commences, to the extent or amount of his appropriation, without diversion or material interruption. (Pomeroy's Riparian Rights, Black's ed., sec. 60; *Lower Kings River etc. Ditch Co. v. Kings River etc. Canal Co.,* 60 Cal. 408; *Lorenz v. Jacobs* (Cal.), 3 Pac. 654; *Mining Co. v. Hoyt,* 57 Cal. 44; *Barnes v. Sabron,* 10 Nev. 217; *Water Co. v. Fletcher,* 23 Cal. 481; *James v. Williams,* 31 Cal. 211; *Feliz v. City of Los Angeles,* 58 Cal. 73.)

BRODERICK, J.—This action was brought by the Malad Valley Irrigating Company against Nephi Campbell, in the district court in and for Oneida county, to determine the right to the possession and use of the waters of a certain stream in said county, known as "Campbell creek," and to restrain the defendant from diverting or interfering with the use and enjoyment of the same. The complaint alleges that the plaintiff is a corporation, and is the owner of and entitled to the control and use of all the waters of a certain stream known as "Devil creek," situated in said county, together with all its tributaries; that it and its predecessors in interest have for a long number

of years owned, controlled, used, and enjoyed said waters, and peaceably distributed the same among the farmers and residents along said stream for the irrigation of agricultural crops. It is further alleged "that the defendant on or about the first day of June, 1885, wrongfully and unlawfully, and without color of right or title, without the consent of plaintiff, and against its will, did enter upon one of the tributaries of said Devil creek, to wit, the stream known as 'Campbell creek,' and which enters said Devil creek on the premises of the defendant, and did wrongfully and unlawfully construct certain dams, ditches, and flumes, and did divert the whole of the waters of said Campbell creek, and has ever since continued to divert said waters, and that plaintiff, by said wrongful acts of the defendant, has been, during the whole of said time, deprived of the use of all the waters of said stream, to the great and irreparable injury of this plaintiff." The defendant answered, specifically denying the allegations of the complaint; and, as a further defense, alleges that in the year 1877 he went upon the stream known as "Campbell creek," and appropriated all the waters of said creek, by constructing dams, cleaning and digging out springs, clearing brush, and diverting the whole of said waters from their natural channel, and using the same for the purpose of agriculture, etc.; that, at the time the whole of said stream ran to waste, and was entirely unappropriated; that, since the appropriation of said waters in the year last aforesaid, this defendant has continuously used said waters for the purpose of irrigating his crops. The defendant then pleads in bar the statute of limitations. At the November, 1886, term of said court, the cause was tried without a jury, and the following are the findings of fact and conclusions of law made and filed therein: "1. It is found that the plaintiff and its predecessors in interest have for about twenty years used and enjoyed the waters of the stream known as 'Devil creek,' in Oneida county, Idaho, for the irrigation of agricultural crops; 2. That plaintiff was incorporated in April, 1882; all parties owning water rights in Devil creek, including the defendant, joining in such corporation; 3. That Campbell creek is a tributary of Devil creek, entering said stream above the dam at which plaintiff's grantors originally appropriated the

waters of Devil creek; 4. That for the last three years the defendant has, at times, set up some claim to the right to the exclusive use of Campbell creek, but that previous to that time it has been used by and controlled by plaintiff and its grantors; that plaintiff and its grantors have never relinquished their claim to the use of the waters of said stream." As conclusions of law, it is found: "1. That plaintiff is the owner and is entitled to the free use and control of all the waters of the stream known as 'Campbell creek'; 2. That the defendant ought to be forever enjoined from using or in any way interfering with the waters of said Campbell creek, except under the license and permission of plaintiff. And it is ordered that judgment be entered accordingly." Judgment was thereupon entered, giving to the plaintiff the free use and control of the waters of Campbell creek. An application was made for a new trial, which was denied, and from the judgment and the order overruling the motion for new trial the defendant appealed, and assigns as error: 1. That the fourth finding of the court is unsupported by the evidence, and that the findings are against law.

We will consider these questions together. Whatever conflict there may seem to be in the adjudged cases in this country relating to the subject of water rights, the law of this territory is that the first appropriation of water for a useful or beneficial purpose gives the better right thereto; and when the right is once vested, unless abandoned, it must be protected and upheld. The legislative will is clearly expressed in the following language: "As between appropriators, the one first in time is the first in right." (Idaho Rev. Stats., sec. 3159. See, also, *Atchison v. Peterson,* 20 Wall. 507; *Basey v. Gallagher,* 20 Wall. 670.) It will be observed from the answer in this case that the defendant does not claim to have brought any water into Campbell creek from an independent source, by reason whereof he is entitled to the use of the channel of the stream to conduct the waters, thus brought in, to his branch, so as to invoke the principle enunciated in *Butte Canal etc. Co. v. Vaughn,* 11 Cal. 143, 70 Am. Dec. 769. Nor is it alleged that the defendant improved the channel and sources of supply, and thereby increased the flow of the waters in the stream, and that he is entitled to such increased flow. The allegation is "that in 1877

he went upon the stream now known as 'Campbell creek,' and appropriated all the waters of said creek by constructing dams, cleaning and digging out springs, clearing brush, and diverting the whole of said waters from their natural channel, and using the same for the irrigation of agricultural crops." It is further alleged that, when the defendant entered upon this work, the whole of the stream was unappropriated; and hence the question of the first appropriation of the waters of the stream was a material issue, and the one upon which the decision of the case turned. The fourth finding was responsive to this issue, and there is evidence in the transcript to support it. It is true, the defendant testified that by his labor in cleaning out springs, etc., he increased the flow of the water in the stream, but there is no predicate in the pleadings for this evidence. Had the pleadings justified the introduction of this testimony, it could not have warranted a different judgment from the one rendered. It is considered that Campbell creek has had a well-defined channel for more than twenty years, and that it is a tributary of Devil creek. The court found, in substance, that the plaintiff and its predecessors in interest had used and enjoyed the whole of the waters of Devil creek for about twenty years last past for the irrigation of agricultural crops. Campbell creek, being a tributary of Devil creek, was appropriated long before the defendant attempted to exercise any control over it, and the court so finds. The testimony all tends to show that the springs cleaned out by the defendant were along and in the immediate vicinity of Campbell creek, and that these springs constituted the principal and immediate sources of supply for the stream. If persons can go upon the tributaries of streams whose waters have all been appropriated and applied to a useful and legitimate purpose, and can take and control the waters of such tributaries, then, indeed, the sources of supply of all appropriated natural streams may be entirely cut off, and turned away from the first and rightful appropriators. To allow this to be done would disturb substantial vested rights, and the law will not permit it. We are of opinion, therefore, that the findings are not obnoxious to the objections urged against them. (*Strait v. Brown,* 16 Nev. 317, 40 Am. Rep. 497.) We do not wish to be understood as deciding that one cannot bring water from

other or foreign sources into a natural stream, whose waters have been appropriated, and use the channel of such stream to convey the water, thus brought and emptied ، in, to another point, to be there diverted and used. This question is not now before us, and it will be time to decide it when presented. (See, as to this point, *Wilcox v. Hausch,* 64 Cal. 461, 3 Pac. 108; *Burnett v. Whitesides,* 15 Cal. 35.) The judgment of the court below is affirmed.

Hays, C. J., and Buck, J., concurring.