### IN THE

# SUPREME COURT

### OF THE

# STATE OF IDAHO.

---

(April 13, 1923.)

INA N. ANTHES GREENE, ALEX MATHERS and FRANK PARADICE, Jr., Plaintiffs, v. GEORGE W. EDGINGTON, Judge of the District Court of the Ninth Judicial District, Acting as Judge of the District Court of the Fifth Judicial District, and H. W. HENDERSON, Sheriff of Bannock County, Defendants.

[214 Pac. 751.]

JUDGMENT—SIGNING—FILING—CONTEMPT PROCEEDINGS—JURISDICTION— POWER OF COURT — POWER OF JUDGE — WHERE INSTITUTED AND HEARD—QUESTION OF TITLE.

1. Findings and judgment are valid if filed in the proper court, although signed outside the judicial district.

2. A district judge may institute and hear contempt proceedings in open court or at chambers within his district.

3. A judge, who has tried a cause and rendered judgment in another district than his own, cannot institute or hear contempt proceedings, arising out of matters connected with the enforcement of that judgment, outside the district in which it was rendered.

4. When one not a party to a judgment sets up a *bona fide* claim of title or right to certain property involved in that judgment, such issue cannot be determined in contempt proceedings.

PROHIBITION to restrain proceedings to enforce an execution and to punish petitioners for contempt. Permanent writ issued restraining the contempt proceeding, but not the enforcement of the execution.

37 Idaho.—1

(1)

White & Bentley, J. B. Bacon and H. B. Thompson, for Plaintiffs.

The defendant Edgington did not possess jurisdiction or authority to sign at Rexburg, Idaho, either the findings or decree in the divorce action pending in the district court of Bannock county, or to try the plaintiffs, or any of them, for contempt of court at Idaho Falls or St. Anthony, or elsewhere outside the fifth judicial district. (*Callahan v. Dunn,* 30 Ida. 225, 164 Pac. 356; C. S., secs. 6494, 7195.)

The defendant Edgington exceeded his authority and was without jurisdiction in entertaining an application to punish the plaintiffs for contempt of court and in requiring them to show cause at any place why they should not be punished for contempt of court. (*Albrethsen v. Ensign, District Judge,* 32 Ida. 687, 186 Pac. 911; *Second Nat. Bank v. Becker,* 62 Ohio, 289, 56 N. E. 1025, 51 L. R. A. 860.)

The Citizens' Bank held the note as security—a thing of value to it, constituting property of which it could not be deprived without due process of law as above defined. (*Parsons v. Russell,* 11 Mich. 113, 83 Am. Dec. 728; 6 R. C. L. 446; *Mast v. Washtenaw, Circuit Judge,* 154 Mich. 485, 117 N. W. 1052; *Van Hoosear v. Railroad Com.* (Cal.), 207 Pac. 903; *Bowlin Liquor Co. v. Fauver,* 43 Mont. 472, 117 Pac. 103.)

A court in supplemental proceedings has not jurisdiction to order that property in the possession of a third party and claimed to be owned by him be applied in satisfaction of a judgment rendered in a suit to which he was not a party, and wherein no formal issues have been made or tried with respect to his title and right of possession. (*Ryland v. Arkansas City Milling Co.,* 19 Okl. 435, 92 Pac. 160.)

Peterson & Coffin, for Defendants.

"There is no law that requires a judge to deliberate upon a case or to prepare his findings and order for judgment in the county in which the case is pending." (*Estudillo v. Security Loan & Trust Co.,* 158 Cal. 66, 109 Pac. 884.)

The right and power of a court to enter a judgment necessarily carries with it the right to enforce that judgment. (*McDougall v. Sheridan,* 23 Ida. 191, 128 Pac. 954; *In re Debs,* 158 U. S. 594, 15 Sup. Ct. 900, 39 L. ed. 1092.)

C. S., sec. 6493, confers jurisdiction upon a judge at chambers: "11. To exercise all powers expressly conferred upon a judge by any statute of this state, as contradistinguished from the court."

The petitioners confuse jurisdiction with venue. It was not a question of jurisdiction. (*Harring v. Pugh,* 126 N. C. 852, 36 S. E. 287.)

It was not necessary for the district court to pursue the other remedies provided by law, namely, either supplemental proceedings in the case of *Mathers v. Mathers* or an independent action by Mattie L. Mathers against the Citizens Bank and the petitioner Greene. (*Ex parte Bergman,* 3 Wyo. 396, 26 Pac. 914; *Delgado v. Chavez,* 140 U. S. 586, 11 Sup. Ct. 874, 35 L. ed. 578; 13 C. J. 55.)

"The writ of prohibition being an extraordinary remedy will not be awarded to the circuit court, at the instance of a stranger to a suit there pending, to vacate a rule for contempt against him on account of his interference with the property in controversy." (*Ex parte Stickney,* 40 Ala. 160.)

"A contempt being an offense against the dignity and authority of the particular court to which the affront was offered, if the court has jurisdiction of the parties and the subject matter out of which the contempt grows, it has jurisdiction to try and punish the contemnor, regardless of where or in what state the acts constituting the contempt may have been committed." (*Farmers' State Bank v. State,* 13 Okl. Cr. 283, 164 Pac. 132.)

McCARTHY, J.—In September, 1921, Mattie L. Mathers instituted a divorce action against petitioner Alex Mathers in the district court of the fifth district, for Bannock county, and the same was placed upon the calendar of Judge Terrell of that district. Petitioner Frank H. Paradice, Jr.,

was joined as defendant, relief being asked against him in connection with property matters. Judge Terrell later made an order requesting Judge Adair of the 6th district to try the case and still later Judge Adair made an order that the respondent, Geo. W. Edgington, Judge of the 9th district, try it. After trial, and on February 10, 1923, Judge Edgington signed findings of fact and decree at Rexburg, Madison county, outside the 5th judicial district which were thereafter duly filed in the office of the clerk of the district court for Bannock county. By the decree a divorce was granted to Mattie L. Mathers, and, in dividing the community property between the parties, the court decreed to her a certain $9,000 note executed by petitioner Paradice, payable to defendant Alex Mathers, together with a mortgage securing the same. On February 12, 1923, execution was issued by the clerk of the court for Bannock county, directed to the sheriff of that county, requiring him to execute the decree. The note above mentioned was in the possession of petitioner Mrs. Greene. When the sheriff demanded that she deliver it to him she refused to do so. Upon the filing of affidavits, defendant Geo. W. Edgington, Judge of the 9th district, issued a citation ordering petitioner Mrs. Greene to appear before him at chambers at Idaho Falls, Idaho, at 10 o'clock A. M. on February 17, 1923, and show cause why she should not be adjudged guilty of contempt of court for her failure to deliver to the sheriff the $9,000 note. On February 17, 1923, upon petition of Mrs. Greene, Alex Mathers, and Frank H. Paradice, Jr., setting up the facts above stated, an alternative writ of prohibition issued out of this court restraining defendants Judge Edgington and Sheriff Henderson from proceeding further in the contempt proceedings and in enforcing the execution, until further order of this court, and directing them to show cause on March 5, 1923, why they should not be perpetually restrained in that regard. Defendants have interposed a general demurrer to the petition and a motion to quash the alternative writ and have also filed a return.

Petitioners originally questioned the validity of the order by which Judge Edgington was called to try the divorce case in lieu of Judge Terrell. Upon the oral argument this attack was abandoned and will not be considered. Petitioners now question the validity of the decree of divorce, the order of execution, and the citation for contempt, on the ground that the decree was signed by Judge Edgington outside the 5th judicial district, which is admitted to be the fact. It is clear that if the decree is void for that reason the execution and the citation must fall with it. Petitioners also question the jurisdiction of Judge Edgington to cite them to appear in the contempt proceedings outside of the 5th judicial district. Petitioners also allege that the Citizens' National Bank, of which petitioner Mrs. Greene is president, holds the $9,000 note as collateral security for the payment of a debt of $50,000 owing by petitioner Alex Mathers to the bank. They contend that this raises a question of property rights in the note as between Mattie Mathers and the bank, which Judge Edgington has no jurisdiction to try in contempt proceedings. It appears, however, that they have never made any answer or return to the citation in the contempt proceedings, and have never in any way set up in those proceedings a right or claim to the note, or called to the attention of the district court or Judge Edgington the fact that they make such claim of right. We will consider these questions in the above order.

"A judgment rendered by a judge of another county, called in by a disqualified judge, is not invalid, because he signed his findings and conclusions and order for judgment at home and was not in the county of the trial when judgment was entered." (*Estudillo v. Security Loan & Trust Co.*, 158 Cal. 66, 109 Pac. 884.)

It is not the signing, but the filing of the findings and judgment that determines the action. If they are filed in the proper court the judgment is valid. (*Estudillo v. Security Loan & Trust Co., supra; Comstock etc. Co. v. Superior Court,* 57 Cal. 625; *Walter v. Merced Academy*

*Assn.,* 126 Cal. 582, 59 Pac. 136.) The decree in the divorce case became valid when properly filed in the district court for Bannock county.

The decree in the divorce case was rendered by Judge Edgington as a judge of the 5th judicial district. Acting as such he could exercise only the powers which could be exercised by a judge of that district. A judicial officer may punish for contempt. (C. S., sec. 6504.) The court or judge may act in contempt proceedings. (C. S., secs. 7385–7392, 7396.) A district judge may sit at chambers anywhere within his district, and, when so acting, has jurisdiction and power to exercise all powers expressly conferred upon a judge by any statute of this state as contradistinguished from the court. (C. S., sec. 6493, subd. 11.) Since a judge may act in contempt proceedings it follows that he has power to so act at chambers anywhere within his district. A judge of the district court for the 5th judicial district could have so acted. Judge Edgington, who took the place of one of the judges of the 5th judicial district, had no more power than the judge whose place he took. In contempt proceedings, arising out of matters occurring in connection with the enforcement of the judgment which he had rendered as a judge of the 5th judicial district, he could act at chambers anywhere within that district, but not outside. The only court or judge that could act in contempt proceedings arising out of the enforcement of the judgment of the district court for the 5th district was that court, one of its judges, or another judge properly acting as such. Judge Edgington could not act in the contempt proceeding as the judge of the 9th district, but only as a judge of the 5th district, in which capacity he rendered the judgment in contempt of which petitioners were alleged to be. Defendants contend that the jurisdiction of a district court is state-wide; that in the exercise of this jurisdiction Judge Edgington had the power to cite petitioners to appear before him in the contempt proceedings anywhere within his own district, the 9th, and that petitioners'

right was not to attack his jurisdiction but to ask for a change of venue. Statewide jurisdiction of a district court or a judge thereof attaches only in transitory actions. A contempt proceeding is not a transitory action. It can be instituted and heard only in the court in contempt of whose judgment the offending party is alleged to have acted. It follows that Judge Edgington has no jurisdiction to institute or hear contempt proceedings except in the district court for Bannock county at Pocatello, or elsewhere at chambers within the 5th district.

Petitioner Mrs. Greene was not a party to the divorce action, and is not bound by the decree. If she sets up a claim of title or a legal right to the note in question, on the part of herself, or the Citizens National Bank, properly raising a question of property rights as between herself and the bank on the one hand and Mattie Mathers on the other, that issue cannot be heard or decided in the present contempt proceeding, and the district court or judge will have to abandon it, and leave the parties to resort to a proper remedy, either by way of an independent action or supplementary proceedings, in which their property rights can be determined. (*Albrethson v. Ensign,* 32 Ida. 687, 186 Pac. 911.) However, while petitioner Mrs. Greene sets up in her petition in this court that the Citizens National Bank claims a property right in the note, neither she nor the other petitioners have raised this question in the contempt proceeding. If further contempt proceedings are instituted before Judge Edgington in the district court at Pocatello, or elsewhere at chambers within the 5th judicial district, it will be incumbent upon petitioners, in order to properly raise the jurisdictional question, to set up a claim of property right in the note on behalf of the Citizens National Bank. If they properly do so the court will have to abandon such contempt proceeding.

The original return day fixed by the citation has expired. Subsequently Judge Edgington issued a citation directing defendants to appear before him in the contempt proceedings at St. Anthony in the 9th district on February

19, 1923. Defendants contend that, because the original return day mentioned in the petition for the alternative writ has expired, the case has become a moot one and this court should dismiss the proceedings. It is perfectly apparent, however, that Judge Edgington intends to persist in trying petitioners for contempt in the 9th district unless restrained by this court. Under these circumstances we do not consider the case a moot one.

In defendants' return reference is made to subsequent civil proceedings instituted by the Citizens National Bank against Mathers, and, in an affidavit filed by one of defendants' counsel after the hearing, reference is had to bankruptcy proceedings against Mathers which were instituted pending the hearing in this court. Whatever may be the effect of these matters upon a final adjudication of the rights of the parties to the $9,000 note, we do not think they are material in this case.

To summarize, we conclude that the decree in the divorce case and the order for execution are valid and defendants should not be restrained from proceeding further in the enforcement thereof. We conclude that the citation for contempt was void for want of jurisdiction. It is ordered that a permanent writ of prohibition issue out of this court prohibiting Judge Edgington from taking further action in the present contempt proceeding. No costs awarded.

Dunn and William A. Lee, JJ., concur.