No. 10,680.

THE PEOPLE, EX REL. POMERANZ *v.* DISTRICT COURT OF THE FIRST DISTRICT, ET AL.

Decided July 2, 1923.   Rehearing denied October 1, 1923.

Petition for writ of prohibition.

*Writ Granted.*

1.   RECEIVERS—*Property—Powers.*   The receiver of a corporation has no greater right to property than the company itself possesses, and can exercise, as to property claimed by other persons, no powers which the corporation itself could not exercise.

2.   CONTEMPT—*Receivers—Property—Prohibition.*   A stranger to a receivership action, claiming title to property, is not in contempt for refusing to obey an order of court to turn it over to the receiver, and prohibition is the proper remedy to prevent punishment for contempt.

*Original Proceeding.*

Messrs. GORDON & GORDON, Messrs. NORTHCUTT & NORTHCUTT, for petitioner.

Mr. HARRY S. CLASS, Mr. A. L. CHASE, for respondents.

*Department One.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THIS matter is before us upon the return to an order to show cause why a writ of prohibition should not issue, upon the petition of the relator, to restrain the court from further proceeding against him for contempt of court. A brief statement of the facts will be sufficient for a determination of the questions involved.

One Beck, the receiver appointed by the district court of Adams county for the National Beet Harvester Company petitioned said court for an order upon relator to turn over to the receiver certain beet harvesters to which Pomeranz claimed title. Said petition alleged that the beet harvesters in question had been consigned by the National Beet Harvester Company to The Arkansas Valley Supply Company at Lamar, Colorado; that Pomeranz claimed title to them as purchaser at a sheriff's sale for taxes assessed against the said Supply Company. An order on Pomeranz was issued and copy thereof was mailed to Pomeranz, and received by him on February 5th, the day set for him to show cause. Thereupon Pomeranz, through his attorney, had some correspondence with the attorney for the receiver, in which he insisted that his rights to the property could not be thus summarily determined.

No further action appears to have been taken until May 11th, when, upon petition of the receiver, alleging that Pomeranz had not complied with the order of court in the matter, an attachment was issued for him, under which he was brought to Brighton by the sheriff of Adams county, and immediately lodged in the county jail. On the 14th day of May, under an order of the court, Pomeranz was

released from jail, upon giving a cash bond of $500, conditioned that he appear in the district court in Brighton on May 19th "to answer what may be against him."

Thereafter a petition for writ of prohibition was filed in this court, and an order to show cause issued as above stated. The return of the respondents admits all the facts stated, and, in the brief supporting it, they insist that the court has jurisdiction, and raise a number of questions of practice. We do not regard any of the authorities cited as in point, or applicable to the facts of this case.

Relator's title to the harvesters, and of course his right to possession, depended upon the validity of the sale under which he claimed. That was a question to be judicially determined. The district court, without relator being a party to any proceedings in that court, and without any hearing upon his title to the property, assumed that it belonged to the receiver and ordered its delivery to him. Manifestly the court had no authority to make the order, and Pomeranz was under no obligation to obey it. The receiver had no greater right with respect to the property of the Harvester Company than the company itself possessed, and in all matters of litigation he represents the corporation, and can exercise, as to property claimed by third persons, no powers which the corporation itself could not exercise. *Republic Life Insurance Co. v. Swigert,* 135 Ill. 150, 25 N. E. 680, 12 L. R. A. 328. The receiver could get possession of the property only by suit against Pomeranz to recover the property, or by making him a party to the original suit, and having the receivership extended to the property. 34 Cyc. 213. It being clear that the court had no jurisdiction to order the return of the property, the question of notice, argued at length by the respondents, need not be considered.

The case of *Havemeyer v. Superior Court,* 84 Cal. 327, 24 Pac. 121, 10 L. R. A. 627, 18 Am. St. Rep. 192, is directly in point. It holds that when the court has exceeded its jurisdiction in directing a receiver to take property out of the possession of a stranger, the injury is done by the order of the court, and adds:

"In such case it seems clear that the appropriate remedy is in some writ or proceeding which operates upon the court, as such, to restrain its judicial action, and not in the sort of resistance that may be opposed to an ordinary wrong-doer, or in such an action as may be brought against a private person who has committed a trespass."

The court further holds that in such a case there is no adequate remedy except the writ of prohibition. In *Greene v. Edgington,* (Idaho) 214 Pac. 751, in a similar case it is held that a stranger to the suit claiming title to property is not in contempt for refusing to obey an order to turn it over to a receiver and that prohibition is the remedy to prevent punishment for contempt. It further appears that the judgment for contempt was entered without the formality of an affidavit, as required by section 357, Code, C. L. 1921. The relator, therefore not having been made a party to any proceeding, could not get relief by writ of error.

The court's action in adjudging the relator guilty of contempt of court was without jurisdiction. Since further action is threatened, relator is entitled to a writ of prohibition, and it will accordingly issue. He is, of course, entitled to the immediate return of the money put up as security for release from jail.

Mr. Justice Burke and Mr. Justice Denison concur.