## No. 11,722.

### POMERANZ v. NATIONAL BEET HARVESTER CO., ET AL.

Decided November 14, 1927.   Rehearing denied December 5, 1927.

On motion for change of venue.   Motion denied.

### *Reversed.*

1. **EXECUTION—*Return.*** Execution on a judgment by confession was returned the same day it was issued endorsed by the sheriff: "I have levied on no property found and return is hereby made." Held, that on its face this was a false and improper return.

2. **APPEAL AND ERROR—*Bill of Exceptions—Motion to Strike.*** A motion to strike portions of a bill of exceptions will be denied, where such portions have an important bearing upon the questions presented for determination.

3. **RECEIVERS—*Property Rights—Venue.*** While the court which appoints a receiver exercises general control over the property that comes into the possession of the receiver as such, this power of control does not deprive a stranger, who claims by paramount title, of the right to have a suit or proceeding instituted by the receiver to try the question of title, and the better practice is for the receiver to bring an independent adverse suit in the tribunal where the defendant has the right to have the controversy decided.

4. **VENUE—*Receiver—Property Rights.*** Where a receiver sought to obtain possession of property in the hands of a stranger to the receivership proceeding who claimed a superior right thereto, by having him brought in by summons issued in the main action, it is held that such a party—if he accepted that method of procedure—had the right to have the matter determined in the county of his residence, where he was served, and where the tort, if any, was committed, and was not compelled to submit to a trial in the county where the receivership proceeding was pending.

*Error to the District Court of Adams County, Hon. S. W. Johnson, Judge.*

Messrs. GORDON & GORDON, for plaintiff in error.

Mr. H. S. CLASS, Mr. A. L. CHASE, for defendants in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN the suit of D. L. Daron v. The National Beet Harvester Company pending in the district court of Adams county, at plaintiff's request, a receiver was appointed to take possession of defendant's property and administer its assets, supposedly for the benefit of its creditors. The receiver Beck thereafter filed a petition in the receivership proceedings in which he alleged that Wolf Pomeranz of Prowers county, Colorado, had in his possession under claim of ownership certain beet pullers and parts, the property of the receiver, and which Pomeranz refused to deliver to him upon demand, and he, therefore, asked for an order of the court, which was granted, ordering Pomeranz to turn over the property to him by a certain day, with which order Pomeranz refused to comply. Thereupon the court, without notice or affording him an opportunity to be heard, adjudged Pomeranz guilty of contempt and issued an order for his arrest, under which writ the sheriff arrested him and put him in the county jail of Adams county, where he was confined for several days until he was subsequently released on bail. In Pomeranz's application for a writ of prohibition in the Supreme Court to restrain the district court from further proceeding against him for the alleged contempt, we granted the same and discharged Pomeranz from the order on the ground that the district court acted wholly without jurisdiction. In the course of our opinion (*People, ex rel. v. District Court*, 74 Colo. 58, 218 Pac. 742) we said: "The receiver could get possession of the property only by suit against Pomeranz to recover the property, or by making him a party to the original suit, and having the receivership extended to the property. 34 Cyc. 213." Another and separate action, growing out of the controversy between this re-

ceiver and Pomeranz, wherein the latter sued the receiver and others for damages for false imprisonment under the invalid contempt judgment, reached this court and in reviewing the same we held that the receiver and his attorney were liable in damages for the commitment, and reversed the judgment. of the lower court which had dismissed the action. *Pomeranz v. Class,* 82 Colo. 173, 257 Pac. 1086. Counsel for the receiver now asserts that, acting upon our statement in the prohibition case above quoted, he filed in the receivership proceeding in the district court of Adams county a verified petition in which he asks that Pomeranz be made a party defendant in the main suit, setting forth the various proceedings therein up to the time of the filing of the petition, and asked that the court extend the receivership over the property claimed by Pomeranz, and that the same be adjudged to be a part of the assets of the receivership and subject to the jurisdiction of the Adams county district court in the receivership proceeding, and for a further order adjudging that the receiver be declared to be the owner of the beet pullers and that he have judgment against Pomeranz for the possession thereof, or if they cannot be delivered, for their value and exemplary damages for their unlawful detention. The court thereupon ordered that a summons be issued, and it was issued, directing Pomeranz to answer and in default of an answer that petitioner might apply to the court for the relief demanded. The summons on its face requires Pomeranz to appear in an action brought against him by Daron, plaintiff in the receivership proceeding, and commands him to answer Daron's complaint within the statutory time. It recites that the action is brought to extend the receivership over the beet pullers, and asks that the same be adjudged a part of the assets of such receiver, and that the petitioner be decreed to be the owner thereof and entitled to possession as of the date of the original demand, and that the court find the value of the property to be $1,212.75 and that if a manual de-

livery of the same cannot be had that plaintiff have judg-
ment against Pomeranz for the value as aforesaid and
for damages for unlawful detention.

Service of the summons was made upon the defendant
in Prowers county, Colorado, where he resided and in
which county was committed, if at all, the alleged tort,
consisting of the conversion by Pomeranz of the prop-
erty in dispute.  Responding to the summons the de-
fendant Pomeranz filed an application for a change of
venue and supported the same with affidavits.  The mo-
tion sets forth the nature of the action in which sum-
mons was issued and states the claims of the receiver,
and that defendant claims title to the beet pullers by
virtue of a sale made under a distraint warrant of the
treasurer of Prowers county for taxes assessed against
the Arkansas. Valley Supply Company, and the prop-
erty sold thereunder to the defendant Pomeranz, and
that after such purchase he sold these pullers and parts
thereof which he thus purchased long prior to the filing
of the so-called petition of the receiver to extend the re-
ceivership, and that such pullers and parts thereof were
not in his possession at the time of, or since, the filing
of such petition for such extension.  The motion further
states that the defendant was, at the time of the service
upon him in Prowers county of the summons, and long
theretofore had been, and still is, residing in Prowers
county, Colorado, and that the cause of action set forth
in the petition and summons arose, if at all, in Prowers
county, Colorado, and not elsewhere.  All other neces-
sary facts are set forth in the motion, duly verified, that
would, as the trial court found, entitle the defendant to a
change of venue, if the action was an ordinary adverse
action between the parties, and, as the defendant claims,
entitled him to a change, irrespective of the nature or
character of the attempted cause of action set up in the
receiver's petition.  Other grounds of the motion, such
as the prejudice of the presiding judge of the court which
disqualifies him impartially to determine the controversy,

were set forth at considerable length, but in view of our conclusion that the change of venue should have been granted because Prowers county was the proper county for the trial, we do not consider them. Accompanying this motion for a change of venue the defendant filed a general demurrer to the receiver's petition based upon the lack of jurisdiction of the Adams county court in this receivership action to litigate the issues.

The discussion has taken a wide range, much broader than is necessary. We shall not pass upon defendant's contention that a receiver should not have been appointed in this case because, on the face of the record, the object of the applicant for the receivership was not to serve the creditors of the Harvester Company, but to protect the debtor company from threatened suits of its creditors and to serve private interests. If the attack here made by the defendant upon that order were properly presented in an appropriate way by a creditor, or stockholder, it might be that the judgment of the district court in appointing the receiver would be set aside. But in this proceeding, even though we have the power to determine the question, we would not do so because the real object and desire of the defendant is to have his rights in the premises determined in this application of the receiver, but by the district court of Prowers county.

However, since the receiver, in its support, and Pomcranz against it, have so vigorously discussed the propriety of the appointment order, to avoid any misapprehension that might arise in the future from our silence, we observe that in the opening sentence of our opinion here we said that the appointment was "supposedly for the benefit of its creditors." The expression was used advisedly. We take notice of the record in the two cases in this court hereinabove cited and the opinions therein. In the record now before us we are informed of the showing made by Daron in support of his application. From all these sources of information it appears that the plaintiff Daron is the creditor and the only one who desired a

receiver. His action to that end was begun June 12, 1922, based on a claim of $16.00 against the defendant Harvester Company. Without service of process upon it the defendant company confessed judgment on the same day suit was begun. At 5 p. m. of the same day an execution was issued on the judgment and delivered to the sheriff who made this return thereon: "I have levied on no property found and return is hereby made this 12th day of June, 1922." On its face this is a false and improper return. No sufficient effort could have been made to find property of the defendant on which to levy the execution. The statutory requirement for holding executions ninety days was ignored. On the same day the plaintiff filed a verified petition in the main action for the appointment of a receiver, the alleged purpose of which was to prevent levies upon the defendant's property by creditors to satisfy their claims. In this petition the plaintiff alleges that he had secured a judgment against the defendant Harvester Company in the principal sum of $16.00, had sued out an execution which was returned nulla bona, that the assets of the defendant company consist of a factory and plant near Brighton, which is fully equipped with machinery and which has been for several years, and now is, operated for the manufacture and sale of beet harvesters, baby beet pullers, land rollers, crust breakers, drill shoes, bean cutters and various other implements used by agriculturists; that defendant has accounts receivable in the sum of $15,000 and notes receivable in the sum of about $50,000, and has on hand a large number of the finished product and materials for the manufacture of such articles of the value of about $17,000. Notwithstanding this plaintiff creditor had a judgment for only $16.00, and had secured a return of the sheriff on the execution that no property could be found, he swears in his petition for the appointment of a receiver that the company at that time had property subject to levy in Adams county of the value of about $17,000. Were it not that upon such a showing

a receiver was actually appointed, it would be almost inconceivable that any court would, in the exercise of this extraordinary jurisdiction appoint a receiver, which appointment generally is supposed to be made for the benefit of the creditors and not solely for the benefit, or in the interest, of the debtor. Even though, for the reason above stated, we decline to set aside the appointment, our refusal to do so must not be taken as an indication that we have acquiesced in or recognized its propriety. It should be further said that the receiver on this review filed a motion to strike from the bill of exceptions and the abstract thereof that part thereof which we have above summarized, and while we decline, as already stated, to determine the propriety of the appointment, this motion to strike must be denied because the matters presented by it, giving as they do a history of the litigation out of which the present case arose, have an important bearing upon the question before us for decision.

Now as to the merits of the present controversy. Authority for amending his petition, by making Pomeranz a party to the receivership proceedings and therein to extend the receivership over the beet pullers is avowedly, but in truth is not, based on what this court said in its decision in 74 Colo. 58, to the effect that the receiver could get possession of such property only by suit against Pomeranz to recover the same or by making him a party to the original suit and having the receivership extended to that property. In our opinion there we cited 34 Cyc. 213. The paragraph referred to states that where a stranger is in possession and claiming title paramount to property which the receiver considers belongs to him, but of which he never had possession, the court exercises no summary jurisdiction over such stranger; that the receiver must either proceed by suit against him, or the complainant must make him a party to his suit and apply to have the receivership extended to the property in his hands. The author of the article, however, says that as a general rule the court will not interfere in a summary way as against the possession of a stranger

to the action claiming by paramount title, but will leave the question of title to be tried in a proper action to be brought for that purpose. It is true that the court which appoints a receiver exercises general control, to the exclusion of other courts, of the property that comes into possession of the receiver as such, but such power of control does not deprive a stranger who claims by paramount title, of the right to have the suit or proceeding instituted by the receiver to try the question of title, determined as are other actions under our Code of Procedure, in the appropriate court of the county where the defendant resides, and where, as here, process is served upon him, where the cause of action arises, in the county of the defendant's residence. Code, section 29. This court did not intend to say, and did not say, that under a state of facts like that in the record before us, Pomeranz must submit his rights in the controversy to the determination of the district court of Adams county in the receivership suit; the general rule, as stated by the author of the article in 34 Cyc., supra, being that the better practice is for the receiver to bring an independent adverse suit in the tribunal where the defendant has the statutory right to have the controversy decided.

There is still another reason for our conclusion that Prowers county is the place of trial, and that the district court erred in denying the venue motion.

While the case presented is not in all respects the same as where, in aid of an attachment suit, a garnishment process has been sued out, yet we think the principle applicable in such a case should be enforced here. In 28 C. J. p. 21, the author says: "Garnishment is an auxiliary proceeding, growing out of and dependent upon another original or primary action or proceeding, and this, regardless of whether it is resorted to in aid of a pending action before judgment, or in aid of an execution for the enforcement of a judgment recovered in the principal action or proceeding, or is commenced concurrently with the principal action." The author further says: "But despite its dependent character, garnishment is

sometimes regarded as a distinct action or proceeding, separate from the action on which it is based." To this proposition a number of cases, including some in the Supreme Court of the United States, are cited. In *Burton v. Snyder,* 21 Colo. 292, 40 Pac. 451, it is said that although a garnishment proceeding is in aid of the original suit, it may be proper to treat it as a separate and distinct action. We think that principle is applicable here. While the defendant here, in selecting his remedy, might have limited his appearance in the receivership proceeding and moved to quash the receiver's petition to make him a party to the suit, he chose his statutory right to have the venue of the action changed to the county of his residence. Besides, the parties themselves, the receiver and Pomeranz, have treated this attempt of the receiver as an action in itself independent of, and separate from, the receivership proceedings proper. The receiver so treated it by demanding and receiving a summons entitled as in the main action in which summons the statement is made that an action is begun in the Adams county district court to recover possession of the beet pullers, or if the same cannot be manually delivered, for the money value thereof. We, therefore, say whatever be its proper appellation, this attempt of the receiver, as to a stranger to the action who claims by paramount title, is the same in legal effect as an adverse action independent of the main receivership action out of which it arose. That being so, defendant clearly has the right to have it determined in the district court of his residence, Prowers county.

The judgment is therefore reversed and the case is remanded to the district court with instructions to vacate its judgment denying a change of venue and to enter an order transmitting the cause, as against defendant Pomeranz, to the district court of Prowers county.

MR. CHIEF JUSTICE BURKE not participating.