494 P.2d 1029

**GLENN DALE RANCHES, INC., an Idaho corporation, Plaintiff-Respondent,**

v.

**Norris SHAUB, Defendant-Appellant,**
and
**Clara Terry Boyd et al., Defendants.**

No. 10858.

Supreme Court of Idaho.

March 3, 1972.

Rehearing Denied March 31, 1972.

Theodore V. Behm, Buhl, for appellant.

Hepworth, Nungester & Felton, Buhl, for respondent.

McQUADE, Chief Justice.

This is a water rights case which also involves issues of civil procedure. Plaintiff-respondent is an Idaho corporation which farms approximately 555 acres in Twin Falls County, 395 of which are irrigated. Of the 351 inches claimed for this purpose, 250 miner's inches of water are obtained from a stream known as the "Mendini Tunnel" or "J–3 Coulee." In 1968, respondent brought an action to quiet its alleged title to 230 miner's inches of water from the stream, and to enjoin other users from diverting more than their alleged shares. Subsequently, it moved for an injunction temporarily restraining appellant from diverting more than 10 inches from the stream. Respondent conceded those 10 inches to appellant by virtue of an agreement between the parties' early predecessors. However, appellant counter-claimed for 50 miner's inches by prior appropriation, or by prescriptive right deriving from continuous diversion of that amount by his immediate predecessors for more than five years.

Appellant was temporarily enjoined from diverting more than 10 inches from the stream. At subsequent hearings, held to show cause why a permanent injunction should not issue and to determine the equities of the parties, appellant adduced testimony that his predecessors had diverted up to 50 inches since 1936. Respondent's evidence rebutted that claim and showed that each year, up to the year immediately preceding the first hearing, it had physically interfered with delivery of more than 10 inches to the Shaub farm when the water was needed at the Glenn Dale Ranches. Respondent further claimed that 10 inches from the stream, combined with 60 inches which appellant drew from the Twin Falls Canal Company system, were more than adequate for the 54 irrigated acres on his 80 acre farm. When the hearings terminated, the court permanently enjoined appellant from diverting more than 10 inches.

■■ Appellant assigns error to admission of evidence at the hearings going beyond respondent's alleged irreparable damage. While I.R.C.P. 65(b) requires a hearing within ten days following issue of a temporary injunction, to ascertain irreparable injury, the rule does not appear to compel the court to limit the scope of the hearing if both sides are prepared at that time to litigate the principal issues. To the contrary, I.R.C.P. 42(a) encourages trial courts to consolidate proceedings involving common questions of law or fact, and to issue such other orders as may tend to avoid unnecessary costs or delay. Moreover, in this case, appellant filed his answer and counterclaim prior to the hearings, and opened the first hearing with testimony relating to his alleged prescriptive rights. He will not now be heard, on appeal, to object for the first time to the scope of the evidence admitted.[1]

■ Appellant further charges the trial court with failure to make findings of fact, supported by competent evidence, concerning irreparable injury. The absence of findings required by I.R.C.P. 52(a) and

1. *Cf.*, Fawcett v. Irby, 92 Idaho 48, 436 P.2d 714 (1968).

65(d) may be harmless error on appeal if this Court does not need their aid for complete understanding of the issues.[2] In this case, the question of irreparable injury is moot. When the consolidated hearings were completed, the merits of the principal issues had been tried. A temporary injunction pending litigation no longer was necessary; the permanent injunction had become the only viable issue. Where a permanent injunction has issued specifications of error relating to the temporary injunction do not raise justiciable issues on appeal.[3]

■■■ Appellant argues that the court should have treated his motions to dissolve the permanent injunction and to keep the record open for additional evidence, together, as a motion for summary judgment. Since neither motion may be so treated under Rules 56, 12(b) or 12(c), it does not appear that summary judgment was moved.[4] Appellant did move dismissal after the first hearing, but the record as it then stood revealed genuine issues of fact concerning respondent's diversion and use of the water after purchase of its farm, and appellant's actual need for the amounts of water allegedly diverted by his predecessors. Consequently, while the motion to dismiss might have been treated as a motion for summary judgment under Rule 12(b), the existence of genuine issues of fact precluded granting the motion.[5]

■■■ In his final assignments of error appellant charges that respondent failed to prove either its prior appropriative rights or appellant's ability adequately to irrigate his farm without diverting more than 10 inches from the stream. Indeed, the record fails to show that respondent's predecessor in interest actually diverted the water in question and put it to beneficial use. Absent such a showing, respondent can not claim rights by appropriation antedating its ownership of the property.[6] Nor does existence of a permit dating to 1930 establish a prior appropriation. The permit evidences the state's consent to a proposed diversion, but it does not prove the fact of diversion or of application of the water diverted to a beneficial use.[7]

■■■ However, it does appear from the record that respondent has diverted and put to beneficial use the water it now claims, since it purchased the farm. Appellant asserts an earlier appropriation by a deceased predecessor, whose son claimed that since 1936 his father had diverted 50 inches or more from the stream. That statement conflicted with evidence of Fern Nipper, the widow of respondent's predecessor, who recalled that appellant's predecessor had diverted only 10 to 15 inches by permission of her late husband. From this conflicting evidence, the trial court found that appellant acquired no interest beyond 10 inches from his predecessor. That finding is supported by competent and substantial, though conflicting, evidence and will not be set aside.[8]

■■■ Even if a prior appropriation were found, appellant is not entitled to all the water diverted. Appellant testified

2. Merrill v. Merrill, 83 Idaho 306, 362 P.2d 887 (1961).

3. See G. S. & M. Co. v. Dixon, 220 Ga. 329, 138 S.E.2d 662 (1964); Peterson v. Johnson, 46 Wyo. 473, 28 P.2d 487, 91 A.L.R. 723 (1934).

4. Appellant cites Farmers Insurance Exchange v. Allstate Insurance Co., 143 F. Supp. 213 (E.D.Mich.1956), for the proposition that summary judgment should be granted to a non-moving party entitled thereto. However, as the facts of that case illustrate, the rule applies only where the opposing party moved for a summary judgment to which it was not entitled. No such motion was made by respondent in the present case.

5. I.R.C.P. 56(c); see also, e. g., In re Killgore's Estate, 84 Idaho 226, 370 P.2d 512 (1962).

6. Idaho Const., art. XV, § 3; Sand Point Water & Light Co. v. Panhandle Development Co., 11 Idaho 405, 83 P. 347 (1905).

7. Big Wood Canal Co. v. Chapman, 45 Idaho 380, 402, 263 P. 45 (1927); Hutchins, The Idaho Law of Water Rights, 5 Idaho L.Rev. 1, 23 (1968).

8. E. g., Thompson v. Fairchild, 93 Idaho 584, 468 P.2d 316 (1970).

that 80 inches of water were required adequately to irrigate his property. Other witnesses estimated that one inch per acre irrigated would be sufficient. The trial court found that appellant could apply to beneficial use only the 60 inches received from the canal system and 10 inches from the stream. That finding of fact is supported by substantial and competent, though conflicting, evidence, and will not be disturbed on appeal.[9] This Court has declared that "it is against the public policy of the state * * * for a water user to take from an irrigation canal more water, of that to which he is entitled, than is necessary for the irrigation of his land * * *."[10] That policy logically applies also to a stream supplying several farms, and prohibits appellant from diverting more water than necessary for the beneficial purpose regardless of alleged seniority in right through priority in time.[11]

■■■ Appellant contends that he cannot apply the full 70 inches to his crops because nearly half is lost as it is conducted from the stream or canal to the place of use. As a result, he is required to draw some 40 more inches from the stream in order to deliver adequate water to the crops. However, the public policy against wasting water prohibits additional diversion to compensate for unreasonable loss.[12]

This Court has held that the appropriator must construct flumes, pipes, or other lining if necessary to prevent such unreasonable loss.[13] Accordingly, waters appropriated will be measured for their sufficiency from the point of diversion, not at the place of use.[14]

■■■ Finally, appellant claims that his predecessors established a prescriptive right to more than 10 inches of stream water by diverting it and applying it to an adverse use during an immediately preceding period of five or more years.[15] The record shows that respondent physically interfered with the diversion of water to appellant's farm every preceding year except the most recent, preventing appellant and his predecessors from using the water exclusively or continuously as required for perfection of a prescriptive right.[16] Appellant attacks the record on that point, but he bears the burden of proving continuous and exclusive use by reasonably clear and convincing evidence.[17] That burden was not sustained.

Judgment and decree affirmed. Costs to respondent.

McFADDEN, DONALDSON and SHEPARD, JJ., and MAYNARD, District Judge, concur.

9. E. g., Williams v. Havens, 92 Idaho 439, 444 P.2d 132 (1968).

10. Coulson v. Aberdeen-Springfield Canal Co., 39 Idaho 320, 323–324, 227 P. 29, 30 (1924).

11. Washington State Sugar Co. v. Goodrich, 27 Idaho 26, 147 P. 1073 (1915).

12. Basinger v. Taylor, 36 Idaho 591, 211 P. 1085 (1922).

13. Bennett v. Nourse, 22 Idaho 249, 125 P. 1038 (1912); Basinger v. Taylor, supra note 12.

14. Stickney v. Hanrahan, 7 Idaho 424, 63 P. 189 (1900); Bennett v. Nourse, supra note 13.

15. See Hutchins, supra note 7, at 80–84, for a concise discussion of the elements of a prescriptive right.

16. Cf., Carrington v. Crandall, 65 Idaho 525, 147 P.2d 1009 (1944).

17. E. g., Loosli v. Heseman, 66 Idaho 469, 162 P.2d 393 (1945).