539 P.2d 277

**Norris SHAUB, Plaintiff,**

v.

**The DISTRICT COURT OF the FIFTH JUDICIAL DISTRICT of the State of Idaho et al., Defendants.**

**No. 11750.**

Supreme Court of Idaho.

July 31, 1975.

Lloyd J. Webb, of Webb, Pike, Burton & Carlson, Twin Falls, for plaintiff-petitioner.

John C. Hepworth, of Hepworth, Nungester, Felton & Hart, Buhl, for defendants.

SHEPARD, Justice.

This is an original action for a writ of review resulting from an adjudication by the district court that petitioner Norris Shaub was in contempt of that court for violation of a previously issued injunction. We hold the writ of review was improvidently issued, is quashed and the adjudication of the district court is affirmed.

This case essentially is a dispute over water rights between petitioner Norris Shaub and Glenn Dale Ranches, Inc. and is before this court for the third time. In 1970 Fifth District Judge Ward issued an injunction against Shaub enjoining him "from diverting more than ten miner's inches of water from the Mendini Tunnel, also known as the J-3 Coulee, located in Twin Falls County, Idaho." That action of the district court was appealed to and affirmed by this court in 1972. Thereafter Shaub was adjudicated in contempt of court for violation of that injunction, and an appeal therefrom was dismissed. *See Glenn Dale Ranches, Inc. v. Shaub,* 94 Idaho 585, 494 P.2d 1029 (1972), and *Glenn Dale Ranches v. Shaub,* 95 Idaho 853, 522 P.2d 61 (1974). Thereafter Shaub petitioned for this writ of review.

Glenn Dale Ranches, Inc. operates a farm comprising approximately 555 acres in Twin Falls County of which 395 acres are irrigated. Shaub owns a smaller adjacent ranch. Glenn Dale Ranches filed the initial action in 1968 seeking in part to enjoin Shaub from diverting more than ten miner's inches of water from a stream known as the "Mendini Tunnel." The district court, following trial, issued that injunction. We affirmed, holding *inter alia* that Shaub could beneficially use only ten inches of water from Mendini Tunnel and thus such amount was all to which Shaub was entitled. Much of the evidence at the initial trial was directed to the questions of the quantity of water needed by Shaub and the quantity of water available to him. On the latter question the trial court concluded, and we affirmed, that including the ten inches from the Mendini Tunnel and 60 inches from another canal "there are 70 inches of water available [to Shaub] * * *, not considering waste water available." It is this reference to waste water which forms a basis for a large part of Shaub's argument here.

The instant case was initiated by Glenn Dale Ranches seeking a contempt adjudication against Shaub. It was claimed that a seepage stream that formerly flowed into the Mendini Tunnel had been diverted by Shaub to his own use. Shaub in effect admitted using the water in question but asserted that it had always flowed into his ditch and that the stream waters were not part of the Mendini Tunnel.

A hearing was held upon Glenn Dale's motion for a contempt citation, the district judge found that the disputed waters were not part of the Mendini Tunnel waters and therefore found no violation of its previous injunction. Upon motion by Glenn Dale a second hearing was held at which an abundance of new evidence was presented. Some of the principal testimony was by one Thomas Schafer, a civil engineer, who had made a topographical study of the disputed stream. It was his conclusion that the natural undiverted course of the stream

in question would carry it into the Mendini Tunnel. Other witnesses were presented, including some who had in previous times farmed the Shaub ranch, whose testimony indicated that the disputed stream was capable of flowing into the Mendini Tunnel.

Following the second hearing, the district judge entered findings of fact and conclusions of law, among which are: the seepage stream in question here is a natural tributary of the Mendini Tunnel and is a part of the Tunnel's water; the stream, allowed its natural flow, will run into the Mendini Tunnel at a point prior to the place where Shaub takes out his decreed ten inches of water; the rights concerning the water were adjudicated in the previous case which was affirmed by the Supreme Court; since the initial decision, Shaub diverted the water in question from its natural flow and into his private ditch, by-passing the measuring device; and that the action in diverting the water by Shaub was done by trespass without the consent of the owners of the land.

As a result of those findings the court found that Shaub had violated the injunction and was in contempt of court, and sentenced Shaub to five days in jail and imposed a fine of $500. Shaub was permitted to purge himself of the contempt by desisting from interference with the waters of the Mendini Tunnel "including the tributaries thereto and specifically including the seepage springs which were the subject matter of the continued proceedings, except for the ten inches to which he was decreed * * *"

■ It is well settled in Idaho that an adjudication of water rights to a main stream also adjudicates rights to all tributary streams and other sources of supply to the main stream. *Josslyn v. Daly,* 15 Idaho 137, 96 P. 568 (1908); *St. John Irrigating Co. v. Danforth,* 50 Idaho 513, 298 P. 365 (1931); Hutchins, The Idaho Law of Water Rights, 5 Idaho Law Review 1 (1968). As stated in *Malad Valley Irrigating Co. v. Campbell,* 2 Idaho 411, 18 P. 52 (1888):

"If persons can go upon the tributaries of streams whose waters have all been appropriated and applied to a useful and legitimate purpose, and can take and control the waters of such tributaries, then, indeed, the sources of supply of all appropriated natural streams may be entirely cut off, and turned away from the first and rightful appropriators. To allow this to be done would disturb substantial vested rights, and the law will not permit it." 2 Idaho at 415, 18 P. at 54.

Thus if Shaub diverts water from a tributary of the Mendini Tunnel he in effect diverts it from the water of the Tunnel itself and except for his allotted ten inches this he cannot do. *See also Martiny v. Wells,* 91 Idaho 215, 419 P.2d 470 (1966).

■ Shaub argues that a contempt hearing is not a proper proceeding in which to try title to water. He asserts that since the original injunction order was directed at the usage of waters of the Mendini Tunnel and not to the particular stream in question here, the effect of the contempt hearing was to try title to the stream. We do not agree. The sole question before the district court at the contempt hearing was whether Shaub had violated the injunction by diverting more than ten inches of water from the Mendini Tunnel. It had no jurisdiction to adjudicate more and that is all the trial court did; thus it did not exceed its jurisdiction. The cases of *Albrethson v. Ensign,* 32 Idaho 687, 186 P. 911 (1920); and *Greene v. Edgington,* 37 Idaho 1, 214 P. 751 (1923) cited by Shaub are clearly distinguishable from the case at bar. In *Albrethson* it is pointed out that the decree involved in that proceeding did not contain an injunctive order. In *Greene* there was involved a person, unlike Shaub, who was not a party to the original decree. Other cases from other jurisdictions cited by Shaub are also clearly distinguishable.

■ Shaub also argues that a perpetual injunction operates as a final adjudication only to stay the acts threatened and does not prevent acts which are not within

the terms of the injunction as reasonably construed. 43 C.J.S. Injunctions § 215. We agree, but nevertheless we hold that in the case at bar the injunction issued by the district court and affirmed by this court "as reasonably construed" includes in its prohibition the usage of waters tributary to the Mendini Tunnel.

 Shaub further argues that the findings of the trial court are contrary to the weight of the evidence. Our examination of the record indicates that the findings of fact are supported by substantial competent evidence. Although on a petition for a writ of review the sole question before this court is whether the district court acted within its jurisdiction, nevertheless if there was not substantial competent evidence to support the findings of the court it would then be acting outside its jurisdiction. *Mathison v. Felton,* 90 Idaho 87, 408 P.2d 457 (1965). The fact that this proceeding results from a contempt adjudication does not change the standard of review. *Mathison v. Felton, supra;* *Berry v. District Court of Third Judicial District,* 91 Idaho 600, 428 P.2d 519 (1967). *See also* I.C. §§ 7–202, 208; *Dutton v. District Court of Third Judicial District, City of Owyhee,* 95 Idaho 720, 518 P.2d 1182 (1974).

Shaub has asserted that the stream in question in this proceeding was among the "waste water available," contemplated and referred to by the trial court in its findings of fact in the first case. Shaub argues that Glenn Dale Ranches contended in the first proceeding that the waters of the stream in question here were available to Shaub and constituted waste water, thus obviating in part his needs to waters of the Mendini Tunnel. It is argued that therefore Blenn Dale Ranches has attempted to change its position and should be estopped from so doing. We have therefore reviewed the transcripts in both cases and conclude that there is sufficient evidence to support the decision of the trial court on this point. The "waste water" contemplated by and referred to in the original de-

cree of the district court was the flowage of two springs separate and apart from the disputed stream now at issue. Those springs flow into Shaub's ditch at a point more northerly than the disputed stream. The demonstrative and testimonial evidence introduced at the second contempt hearing militates against Shaub's position and furnishes adequate support for the decision of the trial court in this regard.

We have examined petitioner's other assignments of error, find them to be without merit, and affirm the decision of the district court in its entirety. Costs to the defendant.

McQUADE, C. J., and McFADDEN and DONALDSON, JJ., concur.

BAKES, J., dissents without opinion.