(January 17, 1920.)

ALEX. ALBRETHSON, Plaintiff, v. H. F. ENSIGN, Judge of the District Court of the Fourth Judicial District, Defendant.

[186 Pac. 911.]

CONTEMPT OF COURT—INJUNCTION—WATERS AND WATERCOURSES.

The remedy against a party who has wrongfully diverted to his own use water, the use of which has been decreed to others, when such diversion does not otherwise violate any judgment, order or process of the court, is not to be had by resort to contempt proceedings.

Original application for writ of review.    Writ granted and proceedings in district court annulled.

Joseph G. Hedrick, for Plaintiffs.

To constitute a constructive contempt of court, some act must be done not in the presence of the court that tends to obstruct the administration of justice or bring the court or judge or the administration of justice into disregard.    (*In re Dill,* 32 Kan. 668, 49 Am. Rep. 505, 5 Pac. 39; *Smythe v. Smythe,* 28 Okl. 266, 114 Pac. 257.)

There is no restraining order in the decree upon which this action is founded under which the defendants, or either of them, could be found guilty of contempt.    The proceedings of a court which has acted in excess of its jurisdiction are void, as much so as are the proceedings of a court which has acted without jurisdiction.    In either case its order of commitment is a nullity.    (*Ex parte Buskirk,* 72 Fed. 14, 18, 18 C. C. A. 410.)

The defendants herein were not parties to the water suits and not bound thereby.    (*Hennessy v. Nicol,* 105 Cal. 138, 38 Pac. 649; *Trullinger v. Howe,* 58 Or. 73, 113 Pac. 4, 6.)

In cases of contempt every court exercises a' specific and limited jurisdiction, and its authority to impose a fine or term of imprisonment must be shown by the record of conviction. (*Ex parte Hoar,* 146 Cal. 132, 79 Pac. 853; *Schwartz v. Superior Court,* 111 Cal. 106, 43 Pac. 580, 582; *Ex parte Northern,* 18 Cal. App. 52, 121 Pac. 1010, 1011.)

John M. Boyle and Sullivan, Sullivan & Van Winkle, for Defendant.

An order made by the district court within the jurisdiction of such court and after having acquired jurisdiction of the person and subject matter, however erroneous it may have been, is not an excess of jurisdiction that can be corrected by writ of review.    (*Utah Assn. of Credit Men v. Budge,* 16 Ida. 751, 102 Pac. 390, 691.)

A violation of a decree adjudicating water rights may also constitute contempt of court and be proceeded against as such. (Long on Irrigation, sec. 231; *State ex rel. Poole v. District Court,* 34 Mont. 258, 86 Pac. 798; *Wallace v. Weaver,* 47 Mont. 437, 133 Pac. 1099.)

A stranger to an injunction, who has notice or knowledge of its terms, is bound thereby, and may be punished for contempt for violating its provisions. (1 Joyce on Injunction, sec. 256C; 22 Cyc. 1012.)

Since the water decrees in this state are both *in personam* and *in rem,* contempt proceedings will lie for a violation of the terms of the decree. (3 Kinney on Irrigation and Water Rights, sec. 1569, p. 2844.)

MORGAN, C. J.—On July 3, 1919, an affidavit was filed in the district court of the fourth judicial district, for Blaine county, in a cause entitled *S. C. Frost et al., Plaintiffs, v. Alturas Water Company et al., Defendants,* reciting that on Dec. 13, 1909, a decree was therein entered wherein priority of right to the use of the waters of Little Wood River and its tributaries was adjudicated and wherein each and every party, to whom the right to the use of water was decreed, was enjoined from using, or interfering with, the water of the stream except as he was therein decreed to be entitled to it. It was further charged that William Albrethson and Alex Albrethson were successors in interest to certain defendants in the case who were awarded water rights, with priority dating from May 31, 1884, and May 1, 1893; also that they had, in violation of the decree, to the great and irreparable injury of parties to the action whose rights were prior to their own, diverted and used for the purpose of irrigation a large quantity of the waters of Little Wood River and its tributaries.

The district judge issued a citation, based upon the affidavit, directing the Albrethsons to show cause, at a time and place stated, why they should not be punished for contempt of court. They filed an affidavit denying the material allegations made against them and a hearing was had upon the issues thus framed which resulted in a judgment of convic-

tion against Alex Albrethson. He petitioned for a writ of review, which was issued, commanding the district judge to certify to this court a transcript of the proceedings in the matter.

The record produced in obedience to the writ discloses that the decree of Dec. 13, 1909, awarded to the parties therein named the right to use specified quantities of the waters of Big Wood River and its tributaries and fixed the dates of their priorities, respectively, but that it does not contain an injunctive order.

Counsel for defendant insist that the decree in case of *N. R. Woodworth et al. v. Frank Anthony et al.*, entered in 1892, wherein the rights and priorities of the users of the waters of Little Wood River, one of the tributaries of Big Wood River, were determined and which contained an injunctive clause, was referred to and adopted in the decree of Dec. 13, 1909. The clause referred to is as follows:

"It is further ordered and adjudged that each and every· party to this suit be and is hereby enjoined from using or in any manner interfering with the water of said Little Wood River and its tributaries except in the manner and in the amount and in the order in which it is herein decreed that 'each is entitled thereto."

The only reference made to the former decree in that of Dec. 13, 1909, is as follows:

"It is further ordered, adjudged and decreed that the respective parties, plaintiffs, and· defendants, in the various actions named in the findings herein, to wit: *N. R. Woodworth et al. v. Frank Anthony et al.* . . . . they and their successors in interest, be and they are hereby awarded the right to the use of the waters of Big Wood River and its tributaries, and the various dry streams named in said decrees, to the extent that they are respectively awarded such use in the various actions and decrees to which they are parties, respectively; but this right shall not be construed to be a double appropriation of the waters of said streams, and wherein the said parties are re-awarded such amounts in this decree, they

and their successors in interest, respectively, shall be entitled to the use of only one of such rights, to wit: either the right named in said decrees, or the right otherwise awarded in this decree.''

If the injunctive clause above quoted can be made the basis of contempt proceedings, a point we do not decide, the court cannot be held to have adopted it into, or to, have made it a part of, the decree of Dec. 13, 1909, for the violation of which plaintiff was adjudged guilty. of contempt of court. If he violated that decree he did so by diverting to his own use water the use of which belonged to others. The remedy for such a wrongful act is not to be had by resort to contempt proceedings.

C. S., sec. 7383, defines contempt of court. The introductory portion and subd. 5 thereof, which more nearly applies to the facts of this case than does any other, are as follows:

''The following acts or omissions in respect to a court of justice, or proceedings therein, are contempts of the authority of the court: 5. Disobedience of any lawful judgment, order or process of the court.''

In view of the fact that the decree of Dec. 13, 1909, did not command plaintiff, or anyone else, to do or to refrain from doing, anything, disobedience of it is impossible. (*Roberson v. People,* 40 Colo. 119, 90 Pac. 79.)

The district court exceeded its jurisdiction when it entered judgment of conviction against plaintiff and the proceedings therein are annulled.

Rice, J., concurs.

Budge, J., sat with the court but did not take part in the decision.