690 P.2d 923

**James ANNEST, Plaintiff-Appellant,**

v.

**CONRAD-ANNEST, INC., an Idaho corporation; Gerald L. Conrad and Joanne Conrad, husband and wife, Defendants-Respondents.**

No. 14950.

Supreme Court of Idaho.

Nov. 1, 1984.

Lloyd J. Webb, Twin Falls, for plaintiff-appellant.

A.J. Bohner, Boise, for defendants-respondents.

PER CURIAM.

This is an appeal from certain orders of the district court "fixing an amount of judgment" and holding a party in contempt for failure to satisfy the judgment. We reverse.

Conrad-Annest, Inc. was a bean warehousing corporation. Conrad was president-manager and held 49% of the stock. Annest was the principal investor, holding 51% of the stock, and was vice-president. Conrad, in his capacity as president, borrowed $3,636.41 in the name of Conrad-Annest, Inc. from the First Security Bank of Idaho, Emmett office. When the business proved unsuccessful, Annest brought this action against the corporation and the Conrads, contending that he, Annest, owned all of the corporate assets. The Conrads asserted certain counterclaims.

A stipulation was drafted by Annest's counsel, which was executed by counsel for both parties. The document was termed "Stipulation of Consent to Judgment and Dismissal of Certain Claims and Counterclaims," and it in essence agreed to the award of all corporate property to Annest and the dismissal of the Conrads' counterclaims. It further provided as pertinent here that "it is agreed that the defendants

Gerald C. Conrad and Joanne C. Conrad shall be held harmless from payment of any and all corporate debts of Conrad-Annest, Inc., specifically including the debt due the First Security Bank of Idaho, Emmett office."

Counsel for Annest drafted a form of judgment which quieted title to the corporate property in Annest and granted him other relief. That judgment form essentially included everything in the parties' stipulation except that portion regarding the Conrads being held harmless from the debt due First Security Bank. The judgment was executed by District Judge Lodge. It was not until four months later that then counsel for Conrad noted that the executed judgment did not comprehend that portion of the stipulation holding Conrads harmless from the First Security Bank debt. He then wrote counsel for Annest, demanding an amendment to the judgment, but counsel for Annest would not agree.

First Security Bank initiated an action against Conrad and Conrad-Annest, Inc., for the collection of the debt owed First Security Bank. In that action, Conrad filed a third-party complaint against Annest, alleging that Annest had agreed to hold the Conrads harmless from the debt owed First Security. Conrad-Annest, Inc. answered the third-party complaint, alleging that Conrad had no corporate authority to incur the debt. Annest's answer to the third-party complaint denied that the stipulation comprehended the debt to First Security. Conrad satisfied the debt to First Security, and First Security dismissed its suit against Conrad. The record before us does not indicate that the third-party complaint of Conrad has been dismissed, and presumably it remains viable.

In the Annest v. Conrad action, upon motion and after a hearing, the district court amended the judgment, adding thereto, "It is further ordered that the defendants Gerald C. Conrad and Joanne C. Conrad shall be held harmless from the payment of any and all corporate debts of Conrad-Annest, Inc., specifically including

debt due the First Security Bank of Idaho, Emmett office."

Thereafter in the Annest v. Conrad case, the Conrads filed a "Motion for Order to Show Cause," demanding that Annest reimburse the Conrads for the debt which had been paid to the First Security Bank. In the absence of Judge Lodge, District Judge McClintock, after hearing, denied the motion and directed the Conrads to settle the issue of "amount in question" before the "original court." The Conrads then brought a "Motion to Determine a Sum Certain" before Judge Lodge, asking for essentially the same relief. Judge Lodge found that the amended judgment in the Annest v. Conrad action required Annest to hold Conrad harmless; that the sum of $4,672.48 was due Conrad, since that amount had been paid by Conrad to the First Security Bank; and that if said sum were not paid by Annest within ten days, an order to show cause for a contempt would issue. Payment was not so made by Annest, and the contempt order did issue. From those orders of Judge Lodge this appeal is taken.

 Although the procedural aspects of this cause are somewhat convoluted, the resolution of the ultimate issues is clear. The amended judgment entered by the district court providing that the Conrads should be held harmless was not appealed and hence is res judicata. Any attempt by the corporation or by Annest to assert that Conrad had no corporate authority to incur the indebtedness is barred by that judgment. However, the Court has been cited to no procedure under which Conrad could reopen a judgment under these circumstances. Although Conrad contends that no change in the judgment was sought because the import of the judgment was clear to the parties at every stage of the proceedings, nevertheless the amended judgment (taken verbatim from the parties' stipulation) does not specify precisely who was to hold the Conrads harmless, nor does it designate the precise amount of the indebtedness. Although it is not explained how some third person could be bound to

hold the Conrads harmless by virtue of a stipulation and judgment agreed upon only as between the Conrads and Annest, nevertheless Annest insists that such is the case, and he is entitled to litigate that point. It appears that Judge Lodge decided that issue against Annest, but Annest argues that Judge Lodge had no authority to thus expand the scope of the amended judgment, and the Conrads provide the Court with no citation giving such authority to the district judge. Likewise, we are provided no authority permitting the court to require payment of a money judgment in these circumstances under penalty of contempt. *See* Idaho Const., art. 1, § 15.

We may readily understand the impatience of the district judge, who had entered a judgment in favor of Annest based on a stipulation that the Conrads would be held harmless from the First Security debt, only to be faced with the retromingent attitude of Annest in attempting to repudiate the stipulation upon which the judgment was entered. Nevertheless, our rules governing alteration of a judgment or relief from a judgment, I.R.C.P. 59(e), I.R.C.P. 60(b), contain time limitations which in this case had elapsed. The orders of the district court cannot be considered to be nunc pro tunc, since they do not correct a "clerical error" but rather appear to substantially alter the nature and the effect of the judgment. *See Haddock v. Jackson*, 51 Idaho 560, 8 P.2d 279 (1932).

We need not consider whether the judgment was such that an action could be brought upon it, I.C. § 5–215; *Tingwall v. King Hill Irrigation Dist.*, 66 Idaho 76, 155 P.2d 605 (1945); *Caxton Printers, Ltd. v. Ulen*, 59 Idaho 688, 86 P.2d 468 (1939); *Bashor v. Beloit*, 20 Idaho 592, 119 P. 55 (1911), since, as indicated by counsel at oral argument, in the action by First Security Bank against Conrad, the third-party complaint portion of that action filed by Conrad against Annest and the corporation remains viable and constitutes a vehicle by which Conrad may, upon appropriate showing, obtain relief.

The orders of the district court appealed from here are reversed. No costs and no attorney's fees allowed.