# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 39451-2011

BALD, FAT & UGLY, LLC, )
)    Boise, June 2013 Term
 Petitioner-Respondent, )
)    2013 Opinion No. 70
v. )
)    Filed: June 20, 2013
RICHARD A. KEANE and LISA C. KEANE, )
husband and wife; R & L DEVELOP- )    Stephen W. Kenyon, Clerk
MENTS, LLC, an Idaho limited liability )
company; and KEANE AND CO. )
CONSTRUCTION, INC., an Idaho )
corporation, )
)
 Respondents-Appellants. )

Appeal from the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County. The Hon. Jeff M. Brudie, District Judge.

The judgment and order of the district court are <u>reversed</u>.

Jeffrey A. Thomson, Elam & Burke, Boise, argued for appellants.

David R. Risley, Risley Law Office, Lewiston, argued for respondent.

---

EISMANN, Justice.

This is an appeal from a judgment holding the appellants in contempt for their failure to comply with an order confirming an arbitration award and for an order awarding attorney fees against them in the contempt proceeding. Because the order confirming the arbitration award did not require the appellants to do anything and because contempt cannot be used to enforce payment of the debt in this case, we reverse the judgment of the district court finding them in contempt and the order later entered awarding the respondent attorney fees and court costs.

## I.
## Factual Background.

Richard A. and Lisa C. Keane; R & L Developments, LLC; and Keane and Co. Construction, Inc., (collectively "the Keanes") and Bald, Fat & Ugly, LLC, ("BFU") had a dispute arising out of a development known as the Houston Professional Plaza located in Lewiston, Idaho. They mediated their dispute, but a disagreement arose regarding the terms of the mediated agreement. They then agreed to submit the matter to arbitration. The arbitrator granted two awards in favor of BFU. In Award No. 1, he awarded BFU the sum of $205,131.17. In Award No. 2, he determined that the Keanes were to pay the sum of $159,762.00 jointly to BFU and its attorney, to be held in trust by the attorney for the purpose of paying the cost of the repairs to the exterior of the common area, and that the Keanes were to be refunded any amount by which the cost of the repairs was less than $229,887.00.[1] The arbitration award did not specify any date by which the Keanes were to pay the money. It also stated, "No interest is awarded in respect to said amount."

On November 20, 2009, BFU filed an application asking the district court to confirm the awards and to enter judgment on them. It then filed an amended application to reflect a payment by the Keanes of $144,053.26 on December 22, 2009. On May 3, 2010, the district court entered a document entitled, "Order Confirming Arbitration Awards." On September 1, 2010, the court entered an order authorizing the issuance of a writ of execution on the order confirming the awards. The writ was issued and served by the sheriff upon the Keanes, but the sheriff returned the writ not satisfied. It does not appear that the sheriff attempted to levy upon any real or personal property of the Keanes. BFU then obtained an order for a debtor's examination. On April 1, 2011, it filed a partial satisfaction of judgment to reflect the payment of $93,680.90. The Keanes did not direct how the payments made were to be applied, and so BFU applied them to Arbitration Award No. 1.

On May 4, 2011, BFU filed a motion to have the Keanes held in contempt for failing to pay Arbitration Award No. 2. The supporting affidavit stated that no part of the sums owing under Arbitration Award No. 2 had been paid. BFU also filed a motion for post-judgment attorney fees and costs. On May 26, 2011, the district court heard the motion for post-judgment attorney fees and costs, and it arraigned Mr. Keane on the contempt motion, who entered a denial

---

[1] A third party had bid $229,887.00 to perform the repairs. The Arbitrator determined that $70,125.00 of the work to be done was not the Keanes' responsibility.

2

of the alleged contempt. On June 6, 2011, the court entered an order awarding BFU the sum of $11,146.40 in post-judgment costs and attorney fees pursuant to Idaho Code section 12-120(5).[2]

The evidentiary hearing on the motion for contempt was held on September 9, 2011. On October 31, 2011, the district court entered its findings of fact, conclusions of law, and order finding that "Richard A. and Lisa C. Keane, Keane and Company Construction, Inc. and R&L Developments, L.L.C. are in contempt of the Court's Order confirming the arbitration awards" because they "have not paid the amount of Award #2, nor have any payments whatsoever been made toward the amount due in Award #2."[3] The court ordered that "Respondent Keane shall pay Award #2 in full and in compliance with the direction of the Arbitrator within thirty (30) days of the signing of the Courts [sic] Finding of Facts, Conclusions of Law, and Order."

On November 30, 2011, the Keanes filed a notice of appeal. By order dated December 14, 2011, this Court remanded the matter for entry of a final judgment because there was no judgment in this case. The district court and BFU apparently believed that the order confirming the arbitration award was a judgment because at BFU's request the court had issued a writ of execution based upon the order, and the court awarded attorney fees under Idaho Code section 12-120(5), which only applies to post-judgment attempts to collect on the judgment. However, the order was clearly not a judgment.

The order confirming an arbitration award and the judgment on that order are separate documents for the purpose of determining what constitutes a judgment. Idaho Code section 7-

---

[2] That statute provides:

> In all instances where a party is entitled to reasonable attorney's fees and costs under subsection (1), (2), (3) or (4) of this section, such party shall also be entitled to reasonable postjudgment attorney's fees and costs incurred in attempting to collect on the judgment. Such attorney's fees and costs shall be set by the court following the filing of a memorandum of attorney's fees and costs with notice to all parties and hearing.

The statute authorizes the award of post-judgment attorney's fees and costs, but no judgment had been entered in this case. The Keanes have not challenged this award on appeal.

[3] The court found that Lisa C. Keane; Keane and Company Construction, Inc.; and R&L Developments, LLC were in contempt even though there is no indication that they were ever arraigned on that allegation. The record only indicates that Mr. Keane was arraigned. At the arraignment, the following occurred:

> THE COURT:   Mr. Richardson, what's your client's position relative to that contempt request?
> MR. RICHARDSON:  He denies it, your Honor.

3

911 provides for an order confirming an arbitration award,[4] and Idaho Code section 7-914 provides for then obtaining a judgment upon that award.[5] The document entered by the district court in this case combined the order confirming the arbitration awards and a purported judgment in one document.

After introductory language as to the motion filed and the attorneys who appeared for the parties,[6] the order stated, "IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:." In the first following paragraph, it stated, "The *Arbitration Awards* dated November 18, 2009, a true copy of which is attached as Exhibit 'A,' and the Clarification Order of the Arbitrator dated January 20, 2010, a true copy of which is attached as Exhibit 'B,' is hereby confirmed pursuant to Idaho Code § 7-914." The second following paragraph stated that BFU shall recover against the Keanes, jointly and severally, "a money judgment in the sum of ONE HUNDRED FIFTY FOUR [sic] THREE HUNDRED FORTY-SIX and 49/100 DOLLARS ($154,346.49), plus interest at eight percent (8%) from December 22, 2009 until paid." The third following paragraph stated that BFU shall recover against the Keanes, jointly and severally, "a money judgment in the sum of ONE HUNDRED FIFTY NINE THOUSAND SEVEN HUNDRED SIXTY-TWO and 00/100 DOLLARS ($159,762.00) under certain restrictions as set forth in the Arbitration Award, plus interest at eight percent (8%) from November 18, 2009."[7]

The order confirming the arbitration award did not constitute a judgment for two reasons. First, when the order was entered Rule 54(a) provided that "[a] judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings." I.R.C.P. 54(a) (2009). The order entered contained a record of prior proceedings because it had attached to it various documents reflecting the prior proceedings between the parties. Those documents were copies of the parties' mediated settlement agreement, their agreement to submit this matter to arbitration, the arbitrator's decision and awards, and a letter from the arbitrator responding to the Keanes' request for clarification of Award No. 2. Second, when the order was entered Rule

---

[4] Idaho Code section 7-911 provides, "Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 7-912 and 7-913, Idaho Code."

[5] Idaho Code section 7-914 provides, "Upon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree."

[6] The introductory language of the order would not comply with the version of Rule 54(a) that became effective on July 1, 2010.

[7] The Keanes did not raise in the district court any issue with respect to the order not conforming to the terms of Award No. 2.

58(a) required that "[e]very judgment shall be set forth on a separate document." I.R.C.P. 58(a) (2009). The order did not meet that requirement because it contained both the order confirming the arbitration award and the purported judgment. As this Court had previously explained, the separate-document requirement prohibits combining a judgment with a decision or order, including an order upon which the judgment is based. Thus, in *Hunting v. Clark County School District No. 161*, 129 Idaho 634, 931 P.2d 628 (1997), we held that an "Order Granting Defendant's Motion for Summary Judgment" was not a judgment even though it included on the last page a statement that "[p]laintiff's complaint is dismissed with prejudice." *Id*. at 637, 931 P.2d at 631. Likewise, in *Estate of Holland v. Metropolitan Property and Casualty Insurance Co*., 153 Idaho 94, 279 P.3d 80 (2012), we held that a purported judgment did not comply with the separate-document requirement because it "included an order dismissing [the plantiffs'] motion for reconsideration, so it was not a separate document that consisted only of the judgment." *Id*. at 99, 279 P.3d at 85. In addition, the order in this case also did not meet the requirement that a judgment be a separate document because it had attached to it the documents mentioned above.

On January 5, 2012, the court entered a judgment that "Richard A. and Lisa C. Keane, Keane and Co. Construction, Inc., and R&L Developments, LLC are in contempt of the Court's Order confirming arbitration awards." On January 8, 2012, the district court awarded BFU $5,000 in attorney fees pursuant to Idaho Code section 7-610 based upon it being the prevailing party in the contempt proceedings. Four days later, the Keanes filed an amended notice of appeal.[8]

## II.
### Did the District Court Err in Finding the Keanes in Contempt of the Order Confirming the Arbitration Awards?

In its findings of fact, the district court stated that the "[c]ontempt as alleged in the instant matter is defined by statute as 'disobedience of any lawful judgment, order or process of the court.' " It then found that the Keanes were in contempt of the court's order confirming the arbitration awards because they failed to pay the amount required under Award No. 2. The problem with the court's finding of contempt is twofold.

---

[8] The Keanes' counsel on appeal did not represent them in the proceedings before the district court.

5

First, the order confirming the arbitration award did not order the Keanes to do anything with respect to that award. The order merely stated as follows:

IT IS HEREBY ORDERED, AJUDGED AND DECREED AS FOLLOWS:

. . . .

2.    Bald Fat and Ugly LLC, have and recover from Richard A. Keane and Lisa A. Keane, husband and wife; R&L Developments, LLC, an Idaho Limited Liability Company, and Keane and Co. Construction, Inc., an Idaho Corporation, jointly and severally, a money judgment in the sum of ONE HUNDRED FIFTY NINE THOUSAND SEVEN HUNDRED SIXTY-TWO and 00/100 DOLLARS ($159,762.00) under certain restrictions as set forth in the Arbitration Award, plus interest at eight percent (8%) from November 18, 2009.

The only party ordered to do anything was BFU, because it could recover $159,762.00 from the Keanes "under certain restrictions as set forth in the Arbitration Award," which were that BFU had to hold the money in trust, through its attorney, and refund any amount by which the costs of the repairs was less than $229,887.00. There is no statement in the order that the Keanes shall pay any money to anyone.

Before someone can be found in contempt for violating a court order, the order must command that person to do or to refrain from doing something. *Albrethson v. Ensign*, 32 Idaho 687, 186 P. 911 (1920). In *Albrethson*, there had been a court decree adjudicating the water rights of various appropriators. *Id*. at 690-91, 186 P. at 911. One appropriator was found in contempt for wrongfully diverting more water than they were permitted under the decree. *Id*. at 689-90, 186 P. at 911. On appeal, we reversed, stating, "In view of the fact that the decree of Dec. 13, 1909, did not command plaintiff, or anyone else, to do or to refrain from doing, anything, disobedience of it is impossible." *Id*. at 691, 186 P. at 912. Because the order confirming the arbitration award did not order the Keanes to do anything, they could not be held in contempt for violating that order.

Second, the district court attempted to use contempt to enforce payment of a debt. In *Application of Martin*, 76 Idaho 179, 279 P.2d 873 (1955), we held that a husband could be jailed for contempt for the willful failure to pay support for his wife and children because the obligation to pay such support was not a "debt" within the meaning of Article I, § 15, of the Idaho Constitution prohibiting imprisonment for debt. *Id*. at 188, 279 P.2d at 878. In *Phillips v. District Court of the Fifth Judicial District*, 95 Idaho 404, 509 P.2d 1325 (1973), we held that a husband could be jailed for contempt where he failed to make payments to adjust the division of

6

property required by a divorce decree. *Id.* at 407, 509 P.2d at 1328. The husband had been ordered to pay off the indebtedness on an automobile awarded to the wife and to make monthly payments over a thirty-year period. *Id.* at 405, 509 P.2d at 1326. We held that the payments could be enforced by contempt because "[t]he property agreement here in question is not unrelated to the husband's duty to support the wife" and "[t]he constitutional prohibition against imprisonment for debt relates to matters basically contractual in nature," while "[p]roblems of domestic relations involving alimony, support payments, property settlements, together with court orders in connection therewith are state concerns and involve safeguarding the vital interests of the people." *Id.* at 406, 509 P.2d at 1327. However, in *Annest v. Conrad-Annest, Inc.*, 107 Idaho 468, 690 P.2d 923 (1984), we held to the contrary where contempt was used to enforce payment of a judgment based upon a contractual debt.

In *Annest*, the majority shareholder sued the defunct corporation and the minority shareholder to obtain ownership of all of the corporate assets. *Id.* The parties entered into a written stipulation to settle the lawsuit, which provided that the majority shareholder would hold the minority shareholder harmless from any corporate debts, including the debt due a bank. *Id.* at 468-69, 690 P.2d at 923-24. However, the judgment drafted by the majority shareholder's counsel omitted the hold-harmless provision. *Id.* at 469, 690 P.2d at 924. After the minority shareholder was required to pay the debt to the bank, he obtained an order amending the judgment to include a provision that he was to be held harmless from any of the corporate debts, including the debt to the bank. *Id.* The court then ordered the majority shareholder to pay the minority shareholder within ten days the amount he had paid to the bank. *Id.* When the majority shareholder failed to do so, the court held him in contempt. *Id.* On appeal, we stated that the minority shareholder had provided no citation that would have given the district court the authority to amend the judgment after it had become final. We then added, "Likewise, we are provided no authority permitting the court to require payment of a money judgment in these circumstances under penalty of contempt." *Id.* at 470, 690 P.2d at 925.

We have not since been required to address the issue, but our Court of Appeals did so in *State v. Abracadabra Bail Bonds*, 131 Idaho 113, 952 P.2d 1249 (Ct. App. 1998). In that case a district court held a bail agent in contempt of court for failing to pay a forfeited bail bond and revoked the bail agent's privilege to do business in the judicial district. *Id.* at 115, 952 P.2d at 1251. In reversing the district court, the Court of Appeals stated, "The contempt power,

7

however, is generally not available for the enforcement of contracts between parties and money judgments," citing the *Annest* opinion. *Id*. at 119, 952 P.2d at 1255. The Court of Appeals then held, "Abracadabra's contractual obligation to pay the forfeited bond was a civil liability and was enforceable by the prosecuting attorney in a separate civil action, I.C. § 19-2928. Consequently, the district court was without authority to enforce the payment of the bond forfeiture under the penalty of contempt." *Id*. (Citations omitted).

In its decision finding the Keanes in contempt in the instant case, the district court quoted from the *Abracadabra* opinion, but it terminated the quotation immediately before the statement, "The contempt power, however, is generally not available for the enforcement of contracts between parties and money judgments," and the court also omitted any reference to the holding of the Court of Appeals, even though "precedent from this Court and the Court of Appeals is binding upon the district courts in Idaho," *State v. Grist*, 147 Idaho 49, 53, 205 P.3d 1185, 1189 (2009). The debt in this case was not the type of debt that could be enforced by contempt under our decisions in *Application of Martin* and *Phillips*. Because we hold that the district court had no authority to hold the Keanes in contempt, we reverse the judgment of contempt, and we reverse the award of attorney fees for the contempt proceeding.

The Keanes have also raised as issues on appeal whether the evidence supported the district court's finding that they had the present ability to comply with Arbitration Award No. 2 and the court's action in striking their affirmative defenses. Because we have reversed the judgment finding them in contempt, we need not address those issues.

## III.
## Is Either Party Entitled to an Award of Attorney Fees on Appeal?

Both parties seek an award of attorney fees on appeal pursuant to Idaho Code section 12-120(3) on the ground that this is an action to recover in a commercial transaction. This is an appeal from a judgment for contempt. Idaho Code section 7-610 provides that in a contempt proceeding, "the court in its discretion, may award attorney's fees and costs to the prevailing party." Because section 7-610 specifically applies to contempt proceedings, section 12-120(3) does not apply. *First Fed. Sav. Bank of Twin Falls v. Riedesel Eng'ring, Inc*., No. 38407–2011, WL 4055357, at *6 (Idaho Sept. 14, 2012); *Grease Spot, Inc. v. Harnes*, 148 Idaho 582, 587, 226

8

P.3d 524, 529 (2010).  Neither party requested an award of attorney fees under the applicable statute, so we will not award attorney fees on appeal.

## IV.
## Conclusion.

We reverse the judgment of the district court that the appellants were in contempt and the order awarding respondent attorney fees in connection with the contempt proceedings.  We award appellants costs, but not attorney fees, on appeal.

Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**