# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43394

| | | |
|---|---|---|
| JUSTIS J. JONES, | ) | 2016 Unpublished Opinion No. 492 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: April 18, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JENNIFER L. JONES nka SHIELDS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge; Hon. Laurie Fortier, Magistrate

Opinion on appeal, on intermediate appeal from the magistrate, affirming the magistrate's order, judgment vacated and case remanded.

Alan E. Trimming, Ada County Public Defender; John R. Shackelford, Deputy Ada County Public Defender, Boise, for appellant.

Jennifer L. Jones, Wamsutter, Wyoming, pro-se respondent.

---

HUSKEY, Judge

## I.

## STATEMENT OF FACTS AND COURSE OF PROCEEDINGS

Justis J. Jones (Jones) and Jennifer L. Jones (Shields) were married in 1996. Three children were born during the marriage--J.J., M.J., and B.J. The parties divorced by judgment and decree of divorce entered December 4, 2000. Throughout the years, the federal and state tax exemptions for the minor children were sometimes taken by Jones and sometimes taken by Shields. In 2010, pursuant to a default judgment against Jones, a modification was ordered in which the magistrate granted Shields primary physical custody and all tax dependency exemptions. In 2013, Jones requested the 2010 order be modified. In response, Shields filed an answer and a counterclaim, requesting that Jones be held in both civil and criminal contempt because he claimed all three dependent children on his 2012 federal and state tax forms.

1

The modification was resolved by a judgment and order on modification filed February 21, 2014. Therein, Jones and Shields stipulated to the following resolution: Jones would have primary physical custody of J.J. and M.J., Shields would have primary physical custody of B.J., and Shields "shall continue to be entitled to claim all three (3) of the parties' minor children as her respective dependents for State and Federal income tax deduction purposes each year beginning." There was no date designating when this provision would commence. The contempt proceeding was dismissed.

In May 2014, Shields filed a motion alleging two counts of contempt. Count I was an allegation of criminal contempt alleging that Jones "willfully, intentionally, and erroneously claimed the parties' minor children as dependents on his 2013 Federal and State Income Tax Returns." Count II was an allegation of civil contempt alleging that Jones "erroneously claimed the parties' minor children as dependents on his 2013 Federal and State Income Tax Returns."

A hearing was held October 29, 2014. At that hearing, the magistrate admitted, over objection, a letter Shields received from the tax commission regarding the dependency exemption. As to the criminal contempt charge, the magistrate found that on December 12, 2013, Jones acknowledged by stipulation that Shields "shall continue to be entitled to all three of the parties' minor children as her respective dependents . . . for State and Federal income tax purposes for each year beginning." The order regarding the stipulation was not filed until February 21, 2014. The magistrate further found Jones violated the February 21, 2014, court order by "willfully, intentionally and erroneously claiming the parties' minor children on his 2013 Federal and State Income Tax Returns, which, pursuant to said order, was Respondent's absolute right."

The parties stipulated to the sentence on the criminal contempt charge of a $1,000 fine and five days in jail, both suspended, with two years of unsupervised probation. The parties further agreed that Shields was the prevailing party, and Jones would reimburse her attorney fees. They also stipulated to a dismissal of the civil contempt charge. The parties did not agree on reimbursing Shields $716--the amount in taxes Shields had to pay as a result of her inability to claim the exemptions. Jones argued that since the magistrate had found him guilty of criminal contempt for the act of claiming the exemptions, damages could not be awarded. Shields argued restitution could be awarded as a result of a criminal act, which this was. Jones argued that in order for the conviction to be a misdemeanor conviction pursuant to Idaho Code Title 18, Jones

2

would have been entitled to the Idaho Code Title 19 protections, which he was not granted and so the conviction should not enter as a misdemeanor conviction. Shields disagreed, arguing Jones was not entitled to the Title 19 protections, specifically a jury trial, because Jones wasn't "going to be incarcerated for a period of time greater than 180 days."

The magistrate court accepted the stipulated agreement and imposed a $1,000 fine, with $1,000 suspended, and five days of jail, with all five days suspended. Jones was placed on two years of unsupervised probation. As a condition of probation, the magistrate orally ordered Jones to pay the $716 of damages. The written judgment, although incorporating the fine, the jail time, and the length of unsupervised probation, did not specifically require Jones to pay the $716, but instead required him to timely pay "all Court ordered obligations," including those incurred pursuant to the judgment and order re: contempt. As an additional condition of probation, Jones was further ordered to amend his 2013 tax returns by removing the three children as tax exemptions. The magistrate dismissed the civil contempt charge.

Jones appealed the decision to the district court. After a hearing, the district court affirmed the magistrate's decision.[1] Therein, the district court determined that paragraph 9, entitling Shields to take the tax exemptions, necessarily prohibited Jones from taking the tax exemptions and thus, was a specific condition of the judgment that Jones violated. The district court further found that admission of the unauthenticated letter from the tax commission, which stated Jones had claimed the dependency exemption for all three children on his 2013 state and federal tax returns, was harmless error, as there was substantial and competent evidence to support the magistrate's finding that Jones had claimed the tax exemption for the three children on his 2013 state and federal tax returns. Finally, the district court found that even if Jones had the right to a jury trial, he waived that right by not requesting it. Jones timely appealed.

## II.

## STANDARD OF REVIEW

When reviewing the decision of a district court sitting in its appellate capacity, our standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence

---

[1]    The district court's factual findings were taken from the appellant's brief. The appellant's brief on appeal to the district court does not appear to be part of the record in this case.

3

to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, we do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *Id.*

## III.

## ANALYSIS

Jones raises three issues on appeal: whether the district court erred in affirming the magistrate's determination that Jones violated the February 21, 2014, order when that order did not clearly and unequivocally enjoin the alleged conduct; whether the district court erred in determining the admission of the unauthenticated letter from the tax commission was harmless error; and whether the district court erred in finding the contempt conviction was supported by substantial and competent evidence where there was no evidence Jones engaged in the alleged misconduct after the order was entered. Respondent has filed no briefing in this matter.

Before someone can be found in contempt for violating a court order, the order must command that person to do or to refrain from doing something. *Bald, Fat & Ugly, LLC v. Keane*, 154 Idaho 807, 810, 303 P.3d 166, 169 (2013) (citing *Albrethson v. Ensign*, 32 Idaho 687, 186 P. 911 (1920)). "[T]he order must be clear and unequivocal." *Carr v. Pridgen*, 157 Idaho 238, 243, 335 P.3d 578, 583 (2014) (quoting *State v. Rice*, 145 Idaho 554, 556, 181 P.3d 480, 482 (2008)). For instance, in *Keane*, the Supreme Court held the defendants could not be held in contempt for violating a court order because the court order did not order the defendants to do anything. *Keane*, 154 Idaho at 810, 303 P.3d at 169. The order merely stated that the plaintiff could recover from the defendants, and failed to state that the defendants shall pay any money to anyone. *Id.* Similarly, in *Albrethson*, the Supreme Court reversed a finding of contempt because the court decree "did not command plaintiff, or anyone else, to do or to refrain from doing, anything . . . ." *Albrethson*, 32 Idaho at 688, 186 P. at 912. Without such a command, disobedience of the court decree was impossible. *Id.* Finally, in *Carr*, the magistrate concluded that the mother willfully violated a court order by violating a parenting plan set forth in a court order, and was therefore found guilty of contempt. *Carr*, 157 Idaho at 242, 335 P.3d at

4

582. Specifically, the father alleged that the mother violated the court's order by enrolling her child in school without consulting the father because a provision within the parenting plan specified that major decisions about the child's education would be made by both parents. *Id.* The Supreme Court found that the magistrate erred by finding the mother guilty of contempt on that basis because the provision was "silent as to the parties' duties in the event of a failure to reach agreement as to [the child's] education." *Id.* at 243, 335 P.3d at 583. Thus, the order was not clear and unequivocal to support a finding of contempt. *Id.*

A judge may order civil or criminal sanctions regardless of the nature of the underlying case. *Camp v. East Fork Ditch Co., Ltd.*, 137 Idaho 850, 862, 55 P.3d 304, 316 (2002). To impose a criminal contempt sanction, the judge must find that all of the elements of contempt have been proved beyond a reasonable doubt, including that the contemnor willfully committed the contempt. If the alleged contempt is the violation of a court order, the contemnor is not required to prove inability to comply with the order. *Hicks on Behalf of Feiock v. Feiock*, 485 U.S. 624, 637 (1988). To impose a civil contempt sanction, the judge must find, by a preponderance of the evidence, that the contemnor failed to do what he or she had been ordered to do and that he or she has the present ability to comply, at least to the extent required by the contempt sanction. *Chavez v. Canyon County, State, ex rel. its Duly Elected Bd. of County Com'rs*, 152 Idaho 297, 304, 271 P.3d 695, 702 (2012). The failure to comply with a court order need not be intentional or willful to impose a civil contempt sanction. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). It is a defense to a charge of contempt that the order contemnor is alleged to have violated did not command the person to do or to refrain from doing the conduct at issue. *Keane*, 154 Idaho at 810, 303 P.3d at 169; *Albrethson*, 32 Idaho at 691, 186 P. at 912.

Here, the magistrate's judgment and order, entered on February 21, 2014, read that Shields was "entitled" to claim the parties' minor children as her dependents for income tax deduction purposes. Black's Law Dictionary defines entitle as, "To grant a legal right to or qualify for." Like the court orders in *Carr*, *Keane*, and *Albrethson*, the magistrate's order does not clearly and unequivocally command Jones to do anything or to refrain from doing anything; instead, it grants Shields the legal right to do something. The district court, however, determined that "an award of the tax exemption to the respondent means that the appellant is prohibited from

5

claiming it." Therefore, reasoned the district court, "the judgment prohibited the appellant from claiming the minors as tax exemptions."

Here, there is no command that Shields must take the tax exemptions for the minor children; rather, Shields was granted the right to take the exemptions if she so chose. By correlation, then, there was no command to Jones to refrain from claiming the tax exemptions for the minor children. Thus, the district court erred in concluding Shields' legal grant of authority to claim the exemptions was the equivalent of a command to take the tax exemptions. Similarly, the district court erred in concluding Jones was commanded to refrain from claiming the tax exemptions.

However, assuming arguendo that granting Shields the legal right to claim the tax exemptions prohibited Jones from claiming them, the order is still unclear because of the failure to include the year for which Shields was entitled to begin claiming the children as dependents. The stipulation is unhelpful in clarifying the issue because the stipulation, like the order, fails to include the date on which Shields was entitled to begin claiming the exemptions. Thus, Jones' signature on the stipulation does not compel the conclusion that he believed he was prohibited from claiming the children as tax exemptions for the 2013 tax filings. Without a date upon which the stipulation and order were to commence, there was no clear and unequivocal court order to violate, and Jones could not be held in contempt. Accordingly, the district court erred in affirming the magistrate's determination that Jones was guilty of contempt by violating the February 21, 2014, order. Because this issue is dispositive, we decline to address the other issues raised by Jones.

### III.

### CONCLUSION

The district court erred in finding Jones willfully violated a specific condition of the judgment. As such, we vacate the magistrate's judgment entered against Jones and remand the case for further proceedings consistent with this opinion.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.

6