# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50804

| | |
|---|---|
| JEFFREY WADE HOISINGTON, | ) |
| | ) Filed: June 11, 2024 |
| Petitioner-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| RHIANNON MICHELLE | ) OPINION AND SHALL NOT |
| HOISINGTON, | ) BE CITED AS AUTHORITY |
| | ) |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. Fafa Alidjani, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming a judgment of criminal contempt and award of attorney fees and costs, <u>affirmed</u>.

Legacy Law Group, PLLC; Tessa J. Bennett, Meridian, for appellant.

The Boise Law Firm, PLLC; Erica M. Kallin, Meridian, for respondent.

_____

LORELLO, Judge

Rhiannon Michelle Hoisington appeals from a decision from the district court, on intermediate appeal from the magistrate court, affirming a judgment of criminal contempt and award of attorney fees and costs. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Rhiannon and Jeffrey Hoisington were divorced on July 20, 2020. The judgment and decree of divorce established custodial rights and a visitation schedule for Rhiannon and Jeffrey as to their minor children.[1] Rhiannon was granted primary physical custody with Jeffrey having

_____

[1] Contrary to I.A.R. 35(d), both parties have used the minor children's names in their respective briefing. *See* I.A.R. 35(d) (providing that "all references to a minor shall be by the use

1

visitation every other weekend beginning on Friday at 3:00 p.m. or at the release of school and continuing until 8:00 a.m. on Tuesday, as well as every Monday on the alternating weeks from the release of school until 8:00 p.m. The decree also stated that the receiving party "shall be responsible for arranging or picking up the children for their custodial time."

In June 2021, Jeffrey filed a motion alleging nine counts of contempt based on "failure to obey [the magistrate court's] [o]rders contained in" the judgment and decree of divorce, alleging Rhiannon "failed to exchange and/or allow" Jeffrey to have his scheduled visitation.[2] Following trial, the magistrate court issued a written decision finding Rhiannon guilty of all nine counts of contempt. Rhiannon appealed to the district court, which affirmed the magistrate court's decision and awarded costs and attorney fees to Jeffrey. Rhiannon again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *Id*. Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

### A.    Sufficiency of Evidence of Contempt

Rhiannon argues that the judgment and decree of divorce did not clearly and unequivocally order her to either do or refrain from doing something to make the children available and, thus, the

---

of initials or a designation other than the minor's actual name"). Counsel is advised that compliance with the rules is both expected and required.

[2]     The motion for contempt also contained one count alleging Rhiannon claimed one of the children on her taxes in violation of the judgment and decree. That count was dismissed by the magistrate court.

2

magistrate court erred in finding her in contempt and the district court erred in affirming that decision. Rhiannon alternatively argues that, even if the judgment and decree of divorce did order her to either do or refrain from doing something, the magistrate court's findings were not supported by substantial and competent evidence and all elements of contempt were not proven beyond a reasonable doubt. Jeffrey responds that the magistrate court's contempt findings were supported by substantial and competent evidence and that, as such, the district court did not err in affirming the contempt judgment on intermediate appeal. We hold that the magistrate court's judgment of contempt is supported by substantial and competent evidence and that Rhiannon has failed to show the district court erred in affirming the judgment.

Disobedience of any lawful judgment, order or process of the court, by act or omission, is contempt. I.C. § 7-601(5). To find a person in criminal contempt, a trial court must find that all of the elements of contempt have been proven beyond a reasonable doubt, including that the person willfully committed the contempt. *State v. Rice*, 145 Idaho 554, 556, 181 P.3d 480, 482 (2008). To find that a person willfully disobeyed a court order, the order must clearly and unequivocally command a person to do or refrain from doing something. *Carr v. Pridgen*, 157 Idaho 238, 243, 335 P.3d 578, 583 (2014). If an order does not command a person to do or refrain from doing something, disobedience of the order is impossible. *Bald, Fat & Ugly, LLC v. Keane*, 154 Idaho 807, 810, 303 P.3d 166, 169 (2013). In the contempt context, a person acts willfully if the person acts with an indifferent disregard of a duty or a remissness and failure in performance of a duty. *Weick v. Mitchell*, 142 Idaho 275, 281, 127 P.3d 178, 184 (2005).

Our review of the trial court's decision is limited to ascertaining whether substantial, competent evidence supports the findings of fact, and whether the trial court correctly applied the law to the facts as found. *Borah v. McCandless*, 147 Idaho 73, 77, 205 P.3d 1209, 1213 (2009); *Cummings v. Cummings*, 115 Idaho 186, 188, 765 P.2d 697, 699 (Ct. App. 1988). Thus, we defer to findings of fact that are not clearly erroneous, but we freely review the trial court's conclusions of law reached by applying the law to the facts found. *Staggie v. Idaho Falls Consol. Hosps.*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct. App. 1986). Where there is conflicting evidence, it is the trial court's task to evaluate the credibility of witnesses and to weigh the evidence presented. *Desfosses v. Desfosses*, 120 Idaho 354, 357, 815 P.2d 1094, 1097 (Ct. App. 1991). Evidence is substantial and competent if a reasonable trier of fact would accept that evidence and rely on it to

determine whether a disputed point of fact was proven. *Hull v. Giesler*, 156 Idaho 765, 772, 331 P.3d 507, 514 (2014); *Hutchison v. Anderson*, 130 Idaho 936, 940, 950 P.2d 1275, 1279 (Ct. App. 1997).

The contempt allegations against Rhiannon were based on the parties' July 20, 2021, judgment and decree of divorce, which included a custody schedule allowing Jeffrey to have visitation with the children every other weekend beginning on Friday at 3:00 p.m. or at the release of school and continuing until 8:00 a.m. on Tuesday, as well as every Monday on the alternating weeks from the release of school until 8:00 p.m. The judgment further requires the "receiving party" to "be responsible for arranging or picking up the children for their custodial time."

The magistrate court found Rhiannon had notice of the July 20, 2021, judgment and decree of divorce that set forth the parties "stipulated custody schedule" and had written notice of Jeffrey's intent to exercise his right to visitation as to each alleged count of contempt. The magistrate court further found: (1) as to each visitation date included in the contempt allegations, Rhiannon either "responded that the children didn't want to go" or failed to respond at all; (2) the visitation schedule "logically required the custodial parent to make the children available for the exchange"; and (3) on each of the alleged counts of contempt, Jeffrey was entitled to visitation with the children and Rhiannon was not authorized to interfere with the visitation. In support of these findings, the magistrate court credited evidence that Rhiannon "announced her gatekeeping intent" by stating the children did not want to visit Jeffrey and that Rhiannon prevented Jeffrey from picking the children up by not making the children available.

Rhiannon argues that nothing in the judgment and decree requires her to make the children available for visitation with Jeffrey and that, as such, she could not be held in contempt for failing to do so. The district court, on intermediate appeal, rejected this argument as do we. A necessary corollary to the custody schedule awarding Jeffrey visitation with the children is that Rhiannon does not thwart his right or ability to have visitation. Accordingly, contrary to Rhiannon's argument, the visitation provision of the judgment and decree of divorce requires Rhiannon to facilitate Jeffrey's visitation or, at a minimum, to not prevent Jeffrey from exercising those rights.

4

Rhiannon's claim that the judgment of decree and divorce was not a lawful basis for the contempt proceedings, therefore, fails.[3]

Rhiannon also argues that there was insufficient evidence to support the magistrate court's contempt findings. We disagree. Evidence was presented through exhibits and testimony to prove, as to each count alleged, that Rhiannon interfered with Jeffrey's ability to exercise his visitation rights by preventing access to the children. Most of Rhiannon's arguments as to each count of contempt are based on the lack of evidence corroborating Jeffrey's testimony. For example, Rhiannon repeatedly argues that Jeffrey did not provide evidence to corroborate the dates he took various videos that were admitted as exhibits. Rhiannon cites no authority for the proposition that such corroboration is required. Moreover, the magistrate court's written decision makes clear that it found Jeffrey credible and Rhiannon not credible. As noted by the district court on intermediate appeal, appellate courts do not make credibility determinations or reweigh evidence. *See Desfosses*, 120 Idaho at 357, 815 P.2d at 1097. We conclude, as did the district court, that substantial and competent evidence in the record supports the magistrate court's contempt decision.

## C.     Costs and Attorney Fees on Intermediate Appeal

On intermediate appeal, the district court awarded Jeffrey attorney fees because Jeffrey was the prevailing party and because Rhiannon's appeal was based on a request to second-guess the magistrate court's findings. On this appeal, Rhiannon argues that, "because [she] should not have been found guilty of criminal contempt for the reasons set forth herein, Jeffrey should not have been awarded attorney fees and costs on appeal. As such, the [d]istrict [c]ourt's decision should be overturned." Because we affirm the district court's intermediate appellate decision affirming the magistrate court's contempt judgment against Rhiannon, her argument that Jeffrey

---

[3]     With respect to the scope of the judgment and decree of divorce, Rhiannon also argues that the district court, on intermediate appeal, improperly relied on "new evidence" by referring to a supplemental order, issued with the decree, which requires that "each parent to have the children ready and available for all scheduled exchanging of the children. Persons delivering and receiving the children shall be on time for all exchanges." This supplemental order, although referenced in the district court's intermediate appellate decision, is not included in the record on appeal. Regardless, based on our conclusion that the language of the judgment and decree of divorce was sufficient for purposes of the contempt action, we need not address the propriety of considering the language in the supplemental order.

should not have received attorney fees because she "should not have been found guilty" necessarily fails.

**D.      Costs and Attorney Fees on Appeal**

Both parties request an award of costs and attorney fees as the prevailing party in this appeal. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the Court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. Rhiannon is not the prevailing party and is not entitled to an award of costs or attorney fees. Rhiannon's arguments have primarily requested that this Court reweigh the evidence presented at trial and reevaluate the credibility of the witnesses. Like Rhiannon's intermediate appeal to the district court, this appeal is a request to second-guess the magistrate court. Because Jeffrey is the prevailing party in this appeal and Rhiannon has pursued this appeal without foundation, Jeffrey is entitled to an award of costs and attorney fees.

## IV.

## CONCLUSION

Rhiannon has failed to show the district erred in affirming the magistrate court's judgment for criminal contempt because substantial and competent evidence in the record supports the magistrate court's findings of fact and those facts support the magistrate court's finding beyond a reasonable doubt that Rhiannon willfully acted in a manner contrary to the magistrate court's order. Further, Rhiannon has failed to show that the district court erred in awarding costs and attorney fees on intermediate appeal. Jeffrey is also entitled to attorney fees on this appeal. The decision of the district court, on intermediate appeal from the magistrate court, affirming a judgment of criminal contempt and award of attorney fees and costs is affirmed. Costs and attorney fees on appeal are awarded to Jeffrey.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.